732 So.2d 453 (1999)
William VENETOFF, Appellant,
v.
Fotina A. PAPAS, Appellee.
No. 98-03045.
District Court of Appeal of Florida, Second District.
May 7, 1999.
G. Tiny Geiger, Tampa, for Appellant.
John A. Majestic of John A. Majestic, P.A., New Port Richey, for Appellee.
PER CURIAM.
William Venetoff appeals the final judgment entered by the trial court embodying the terms of an arbitration award. Venetoff correctly argues that the trial court erred by denying his motion for rehearing on the ground that he did not receive notice of the hearing on the underlying motions. However, because Venetoff is also correct that the trial court erred in entering a final judgment when he had filed a demand for trial, we reverse for a trial on the merits.
In 1995, Venetoff filed a civil action against Papas, seeking enforcement of an *454 express trust. Papas filed a counterclaim seeking a judgment for damages and demanded a trial by jury. The trial court entered an order of referral to nonbinding arbitration. The arbitrator subsequently entered monetary awards to both Venetoff and Papas. Following the entry of the arbitrator's awards, Venetoff timely filed a motion for trial, seeking review of "Arbitrators Award to [Papas], NOT the award to [Venetoff]." Papas filed an objection to Venetoff's motion for trial and a notice of hearing on "all pending Motions." Venetoff did not attend the hearing, and the trial court entered a judgment on the arbitrator's award. Venetoff subsequently filed a motion for rehearing in which he explained that he was absent from the hearing because Papas had not sent him a notice as required by Florida Rule of Civil Procedure 1.090(d). The trial court denied the motion and this timely appeal follows.
On appeal, Venetoff argues that the trial court erred in denying his motion for rehearing on the issue of whether he received notice. We agree. A party is entitled to an evidentiary hearing when the issue of whether notice was received has been raised. See Elmariah v. Associates Fin. Servs. Corp., 401 So.2d 929, 929 (Fla. 2d DCA 1981). Because we find merit in Venetoff's second argument, we do not reverse for an evidentiary hearing on notice, but reverse for a trial on the merits.
Venetoff's second argument challenges the trial court's entry of a judgment on the arbitrator's awards after Venetoff had filed a motion for trial. Florida Rule of Civil Procedure 1.820(h), regarding hearing procedures in nonbinding arbitration, provides, in pertinent part: "If a motion for trial is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision." It is undisputed that Venetoff filed a motion for trial within the twenty-day time limit. Papas argues that because Venetoff filed a motion for trial as to only part of the arbitrator's award, the motion is void. The trial court accepted this argument, but we find no legal support for it. There is no restriction in the rules or case law that prohibits a motion from specifying the part of the award the party seeks to challenge. Accordingly, it was error for the trial court to enter a judgment on the arbitrator's award in this case. We reverse and remand for a trial de novo on the issue of liability in both the civil action and the counterclaim.
Reversed and remanded.
PARKER, C.J., and PATTERSON and NORTHCUTT, JJ., Concur.