736 So.2d 1235 (1999)
Janice JOHNSON, Personal Representative of the Estate of Ralph Johnson, deceased, Petitioner,
v.
Jonathan S. LEVINE, M.D.; Armand H. Katz, M.D.; Joseph Casey, M.D.; Debra Silkes, M.D.; Khosrow Maleki, M.D.; Edward M. Coopersmith, M.D.; Ronald J. Scott, M.D.; Sharon M. Townsend, M.D.; Humana, Inc., d/b/a Pompano Beach Medical Center; Humana Medical Plan, Inc., d/b/a Pompano Beach Medical Center; Galen Healthcare, Inc., and Community Hospitals of Galen, Inc., d/b/a Pompano Beach Medical Center; and Columbia Healthcare Corporation, d/b/a Pompano Beach Medical Center, Respondents.
No. 99-0589.
District Court of Appeal of Florida, Fourth District.
June 23, 1999.
Rehearing Denied August 16, 1999.
*1236 Arnold R. Ginsberg of Ginsberg & Schwartz, Miami and Sheldon J. Schlesinger, P.A.,Fort Lauderdale, for petitioner.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Fort Lauderdale, for respondents Maleki.
Thomas E. Ice of Barwick, Dillian, Lambert & Ice, P.A., Miami for respondents Katz, Casey, Levine, and Silkes.
*1237 Marlene S. Reiss of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for respondents Coppersmith.
FARMER, J.
This is a medical malpractice action against several doctors, hospitals and other providers.[1] The trial judge ordered the parties to non-binding arbitration under section 44.103, Florida Statutes (1997). The arbitrator found some defendants liable in damages and others not liable.[2] Those found liable responded to the arbitrator's decision by filing "exceptions" in which they failed to mention a trial de novo. At the same time plaintiff did timely request for a trial de novo, but only as against the defendants found not liable.
Plaintiff then moved for the entry of judgment against the defendants found liable, arguing that they had failed to file a timely request for a trial de novo and that their failure to do so made the arbitration award against each of them final and binding. She further contended that when the arbitration award thus became final, the trial judge was required under section 44.103(h) to enter a money judgment against those defendants. The liable defendants opposed the motion, arguing that their "exceptions" should be treated in substance as requests for a trial de novo.
The trial judge disagreed with this contention and found that these defendants had, in fact, failed to file a timely request for a trial de novo. But the trial judge also refused to enter judgment against those defendants, reasoning instead that plaintiff's own request for a trial de novo against the exonerated defendants should be treated as a request for a trial of "the entire case," i.e. all the several and distinct claims in suit submitted to arbitration. Plaintiff has now sought a writ of mandamus from us to direct the trial judge to perform what she characterizes as the nondiscretionary and purely ministerial act of entering judgment against parties who fail to make a timely request for a trial de novo.
We first address the necessary question of our own jurisdiction. Section 682.20(1)(c) provides for appellate jurisdiction of orders that deny confirmation of an arbitration award. See § 682.20(1)(c), Fla. Stat. (1997). The first district has recently held that this statutory grant of appeal jurisdiction is invalid because of the supreme court's exclusive power to create appellate jurisdiction for non-final orders of the trial courts. City of Tallahassee v. Big Bend PBA, 703 So.2d 1066 (Fla. 1st DCA 1997). Without deciding whether we agree with the conclusion of the first district, we point out that chapter 682 applies only to arbitrations by agreement of the parties. See § 682.21 Fla. Stat. (1997) ("This law applies only to agreements and provisions for arbitration made subsequent to the taking effect of this law."). Hence, even if section 682.20(1)(c) properly allowed review by appeal of orders granting or denying confirmation of an arbitration award, we would be forced to conclude that such jurisdiction would be limited to arbitrations under chapter 682. Accordingly, we proceed on the assumption that we have no ordinary appeal jurisdiction of the present order.
If plaintiff has no remedy by appeal as to an order denying confirmation and enforcement of an arbitration award under section 44.103, we must proceed to analyze whether we have extraordinary writ jurisdiction under rule 9.030(b)(3) to review the order by certiorari or writ of mandamus. See Fla.R.App.P. 9.030(b)(3) *1238 and 9.100(a). Before the adoption of rule 9.130(a)(3)(C)(v) (district court has jurisdiction to review non-final order that determines entitlement of party to arbitration), the general view was that orders denying rights to arbitration could be enforced by common law certiorari. See e.g. Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980) (order denying motion to compel arbitration). The common law writ of certiorari is available to review a non-final order in a civil action, however, only where the order departs from the essential requirements of law and leaves the party with no adequate remedy by final appeal. Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996). It could be argued that here review of the failure to confirm and enforce the arbitration award after a trial and final judgment in the entire action would be adequate, especially if the jury verdict were favorable to these defendants. In any case, the very restricted use of common law certiorari suggests that it would not be adequate.
Turning therefore to mandamus, it has been held that the writ is available to compel specific action by a trial judge "where the act sought to be compelled is ministerial in its nature, and where the court, if it acts at all, can only act in one certain way." State ex rel. North St. Lucie Drainage Dist. v. Kanner, 152 Fla. 400, 11 So.2d 889, 890 (1943). Plaintiff argues that section 44.103(5) imposes a non-discretionary, mandatory duty to enter judgments in favor of plaintiff and against the liable defendants who failed to request a trial de novo. She relies on the specific text in the last sentence of subsection (5), namely:
"If no request for trial de novo is made within the time provided, the decision shall be referred to the presiding judge in the case who shall enter such orders and judgments as are required to carry out the terms of the decision, which orders shall be enforceable by the contempt powers of the court, and for which judgments execution shall issue on request of a party." [emphasis supplied]
We agree with her reading of section 44.103(5). Once a party involved in nonbinding arbitration of a specific dispute under section 44.103 fails to request a trial de novo, by the express terms of the statute the award becomes final and binding. A trial court has a mandatory duty to enforce final and binding awards by, among other things, entering such judgments as may be necessary and proper to enforce a final award made by the arbitrator. We therefore conclude that we have jurisdiction by way of mandamus.
On the merits of the petition, we again refer to the text of section 44.103(5), which in relevant part states:
"An arbitration decision shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court.... If no request for trial de novo is made within the time provided, the decision shall be referred to the presiding judge in the case who shall enter such orders and judgments as are required to carry out the terms of the decision, which orders shall be enforceable by the contempt powers of the court, and for which judgments execution shall issue on request of a party." [emphasis supplied]
§ 44.103(5), Fla. Stat. (1997).[3] As we have already indicated, these are not merely precatory provisions. They create the right to enforce an arbitration award that has become final and binding as a result of a failure to request a trial.
*1239 There are only two real issues in this case. The first is whether the trial court correctly concluded that the liable defendants had failed to make a request for a trial de novo. The second is whether plaintiff's particularized request for a trial against only the exonerated defendants allows the trial judge to ignore the finality of the arbitration award as to some of the parties in a multi-party case and instead order a trial of all claims against all defendants.
The text of the liable defendants' responses to the arbitration awards does not support their argument that the responses were in substance a demand for a trial de novo. Actually there are three separate groups of liable defendants, and each of the three groups was represented by different law firms. The first group, the Malecki group, filed a three-page document styled "Exceptions to Arbitration Order." In it they challenge the evidentiary basis for the award, the finding of a deviation from the standard of care by one of the providers, the finding that the provider contributed to the embolism, and the damages awarded. They close the document with a prayer that the trial court "enter an order sustaining the exceptions ... and granting ... any other relief this Court deems just, equitable and proper." Clearly there is no mention or suggestion of a trial de novo.
The second group, the Coppersmith group, also filed a document styled "Exceptions to Arbitration Order." It stated that the award lacks any evidentiary basis, fails to mention the depositions of defense experts, challenges the findings of deviations from the standard of care, argues that there is no showing of any causal relationship to defendants' actions, contests the damages, and argues that the arbitrator failed to apportion fault. This document ends without any prayer for relief.
The third group, the Katz group, likewise styled their document as "Exceptions to Arbitration Order." After setting forth the procedural history of the arbitration, they asserted there is no evidentiary basis for the award, that the arbitrator failed to mention certain defense evidence and depositions, that the order lacked sufficient facts to show any deviation from the standard of care or causal relationship by the conduct of its defendants, that the damages are not supported and the arbitrator improperly failed to apportion damages, and that these defendants "otherwise take exception to the arbitrator's findings and conclusions as these are not supported by any factual or legal grounds." It too lacks any prayer for relief.
Frankly we can find nothing anywhere in any of these documents that could plausibly support an argument that in substance these defendants were really requesting a trial de novo. The words "trial de novo" appear nowhere in their papers. In fact there is nothing in any of them even hinting at or suggesting they wanted a trial or further trial proceedings. They merely attack the arbitrator's findings and conclusions. In our view, the trial judge was quite correct in finding that these "exceptions" simply failed to request a trial de novo.
Moving on therefore to the second issue, we can find nothing in section 44.103 that requires a trial on all issues against all defendants in a case having multiple and alternative claims against multiple defendants. Certainly there is nothing about the term trial de novo that suggests such a result. The phrase simply refers to a proceeding that begins anew, not to the range of the issues so tried.
It is true that the statutory text states that "[a]n arbitration decision shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court." [e.s.] It is also true that plaintiff's request for a trial de novo against only the exonerated defendants qualifies as "a request" for a trial. In our opinion however the statutory locution, "a request," refers to one of the sets *1240 of disputants to any particular claim in suit, not necessarily to an entire multi-issue, multi-party case.
Plainly the text of the statute itself does not require, in so many words, that any request by a party to a separate claim operate to require a trial on a claim as to which no party has requested a trial. Nothing in the structure and purpose of the statute purports to mandate an omnibus trial in a multi-issue, multi-party case where the adverse parties to discrete claims have failed to request a trial after non-binding arbitration. Causes of action are, after all, claims by someone against someone. Each claim by this plaintiff against each separate defendant stands alone and can be treatedas, indeed, the arbitrator here didentirely separate from and alternative to the other claims.
It seems to us that the very purpose of non-binding arbitration also argues against an omnibus trial. A primary reason for the statute was to require the parties to use this non-judicial mechanism to resolve their multifaceted, multi-party dispute before trial and, if they failed to act seasonably after utilizing this mechanism, to be bound by it. In a case involving multiple, separate and alternative claims and multiple adverse parties, the legislature could reasonably have understood its non-binding arbitration statute as a device that could eliminate some, even if not all, claims otherwise requiring a trial. We read section 44.103 to operate on discrete claims, so that the request of any one of two adverse parties to a discrete claim would be sufficient to require a trial de novo on that claim; but that the failure of all adverse parties to a separate and discrete claim within a multi-claim, multi-party lawsuit to request a trial do novo would not end up requiring an omnibus trial on all other claims against all parties.
Moreover, there is no reason to believe that plaintiff's request allowed the liable defendants to believe that they would obtain a trial solely on the basis of plaintiff's highly specific request. That request very carefully and specifically requested a trial de novo only against identified defendants, namely those who had been exonerated by the arbitrator's decision. The defendants found liable could have been under no illusion that plaintiffs request sought a trial against them as well. These defendants could thus hardly claim surprise by plaintiffs argument that the trial should be limited to her claims against only those who had been found by the arbitrator not liable.
Therefore employing the foregoing understanding of the statutethe one that is best designed to carry out its essential purpose of disposing of civil claims by nonjudicial resolutions whenever the conduct of the parties will allow itit was error for the trial judge to fail to accord the arbitrator's decision finality as to those defendants who had failed to timely request a trial de novo.[4] Accordingly we reverse the order requiring a trial on all claims against all parties and instead direct the trial court to enter judgment against those defendants found liable under arbitration award.
SHAHOOD and TAYLOR, JJ., concur.
NOTES
[1] For our own convenience we have omitted listing the several Professional Associations of these providers in the style of this case.
[2] The deceased was injured in a motor vehicle accident and taken to one of the defendant hospitals where surgery was performed on him several days later. He died from a pulmonary thromboembolism. An autopsy revealed widespread pulmonary emboli. Plaintiff alleged that the negligence of one or more defendants, either singly or in combination, killed him.
[3] Section 44.103 has been implemented by rule 1.820(h), which provides:

"Any party may file a motion for trial. If a motion for trial is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(4), Florida Statutes." [emphasis supplied]
Rule 1.820, Fla.R.Civ.P.
[4] We employed analogous thinking in our recent decision regarding a functionally identical statute in Neate v. Cypress Club Condominium Inc., 718 So.2d 390 (Fla. 4th DCA 1998).