859 So.2d 1278 (2003)
STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellant,
v.
BELLSOUTH TELECOMMUNICATIONS, INC., a foreign corporation, Florida Power & Light Company, a Florida corporation, and Felix Equities, Incorporated, Appellees.
Florida Power & Light Company, a Florida corporation, Appellant,
v.
Felix Equities Incorporated and State of Florida Department of Transportation, Appellees.
Bellsouth Telecommunications, Inc., a foreign corporation, Appellant,
v.
Felix Equities Incorporated and State of Florida Department of Transportation, Appellees.
Nos. 4D02-4623, 4D03-556, 4D03-600.
District Court of Appeal of Florida, Fourth District.
November 26, 2003.
*1279 Pamela S. Leslie, General Counsel and Marianne A. Trussell, Deputy General Counsel, Tallahassee, for State of Florida Department of Transportation.
Carol A. Gart, John R. Hargrove and W. Kent Brown of Gordon Hargrove & James, P.A., Fort Lauderdale, for BellSouth Telecommunications, Inc.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, and Cheryl Kempf, FPL-Law Division, Juno Beach, for Florida Power & Light Company.
PER CURIAM.
In this consolidated appeal, the Florida Department of Transportation ("DOT") appeals the final judgments entered for Florida Power & Light Company ("FPL") and BellSouth Telecommunications, Inc. FPL and BellSouth appeal the trial court's denial *1280 of motions requesting attorney's fees. We affirm the final judgments entered for FPL and BellSouth on the ground that DOT did not timely seek a trial de novo. We reverse the order denying attorney's fees to FPL and BellSouth and remand for calculation of those fees.
Felix Equities Incorporated, which did not participate in this consolidated appeal, sued DOT for breach of a contract for a road-widening project in St. Lucie County. Felix alleged that DOT's failure "to cause the removal and/or relocation of conflicting utilities" led to increased expenses and construction delays. Because DOT did not own the utilities, DOT filed a third-party complaint against the owners of the utilities, FPL and BellSouth, seeking defense and indemnification as to any damages arising from Felix's claims based on Utility Relocation Master Agreements.
The trial court ordered the parties to non-binding arbitration. The arbitration award stated the following:
Based upon the presentations and the supplementary documentation provided to the arbitrator at the hearing, the arbitrator finds as follows:
1. For Defendant STATE OF FLORIDA.
2. For Third Party Defendants FLORIDA POWER & LIGHT COMPANY and BELLSOUTH TELECOMMUNICATIONS, INC.
Felix then filed a timely motion for jury trial de novo under Florida Statutes section 44.103 (2002) and Florida Rule of Civil Procedure 1.820(h). DOT settled with Felix, and FPL and BellSouth sought entry of final judgment against DOT because DOT had not filed a motion for trial de novo within the twenty-day window prescribed by rule, making the arbitration award subject to finalization.[1] DOT then filed a motion for trial de novo and asserted that Felix's timely request for trial de novo encompassed DOT because any claims against DOT were actually claims against FPL and BellSouth based on the indemnification agreement.
The trial court considered the parties' pleadings and entered final judgments based on the authority of Johnson v. Levine, 736 So.2d 1235 (Fla. 4th DCA 1999). The final judgments directed that DOT shall take nothing on its third-party actions and that FPL and BellSouth "shall go hence without day." Following the entry of the final judgments, FPL and Bell-South filed motions for attorney's fees under Florida Statutes section 768.79 (2002) and Florida Rule of Civil Procedure 1.442 based on offers of settlement made to DOT during the pendency of litigation. FPL and BellSouth each offered DOT $5,000 and the offers were not accepted by DOT. The trial court denied the motions for *1281 attorney's fees finding that the arbitration award and the final judgments were not in favor of FPL and BellSouth and against DOT.
As for the trial de novo issue, we agree that Johnson controls the issue, and that the trial court did not err by entering final judgments finalizing the arbitration award against DOT based on its failure to timely request a trial de novo. However, because the controlling statute and rule do not clearly express the applicable procedures for requesting trial de novo in a multi-party case, we undertake to clarify our interpretation of that rule and statute in Johnson. In a multi-party case, each party seeking a trial de novo must file an individual timely request for trial de novo. As this Court wrote in Johnson:
Nothing in the structure and purpose of the statute purports to mandate an omnibus trial in a multi-issue, multi-party case where the adverse parties to discrete claims have failed to request a trial after non-binding arbitration.
736 So.2d at 1240.
Moving on to the attorney's fees issue, section 768.79 provides for attorney's fees as follows:
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set costs and attorney's fees against the award.
§ 768.79(1). In determining whether a party is entitled to fees on this basis, two prerequisites must be established: "(1) a party has served a demand or offer for judgment and (2) that party has recovered a judgment at least twenty-five percent more or less than the demand or offer." Levine v. Harris, 791 So.2d 1175, 1177 (Fla. 4th DCA 2001) (citations omitted).
In the present case, it is undisputed that FPL and BellSouth served offers of settlement on DOT and that those offers were not accepted within thirty days. The second prerequisite is the point of contention on appeal. DOT asserts that the trial court properly found that no award or judgment was entered in favor of FPL and BellSouth, because the arbitrator would not have reached FPL and BellSouth's liability based on indemnification after finding that DOT was not liable to Felix. FPL and BellSouth counter that the language of the arbitration award and final judgment clearly established that a decision was made in favor of FPL and Bell-South and against DOT.
We conclude that the arbitration award and final judgments by their language make it clear that an award was entered in favor of FPL and BellSouth and against DOT. Even though DOT was found not liable to Felix it was still entitled to its costs for defense of the arbitration against FPL and BellSouth, indicating that the arbitration award was against DOT and in favor of FPL and BellSouth. Additionally, because FPL and BellSouth were found not liable and no damages were awarded to DOT, the award was both one of no liability and was at least 25% less than the offers of settlement. Because the necessary prerequisites for an attorney's fee award under section 768.79 have been established, we reverse the order denying attorney's fees to FPL and BellSouth and remand for calculation of fees.
*1282 In sum, the final judgments against DOT are affirmed due to DOT's failure to file an individual timely request for trial de novo, and the order denying attorney's fees based on unaccepted offers of settlement is reversed because FPL and Bell-South prevailed and were found not liable to DOT.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for calculation of attorney's fees.
FARMER, C.J., GUNTHER and MAY, JJ., concur.
NOTES
[1] "The arbitration decision shall be presented to the parties in writing. An arbitration decision shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court. The decision shall not be made known to the judge who may preside over the case unless no request for trial de novo is made as herein provided or unless otherwise provided by law. If no request for trial de novo is made within the time provided, the decision shall be referred to the presiding judge in the case who shall enter such orders and judgments as are required to carry out the terms of the decision, which orders shall be enforceable by the contempt powers of the court, and for which judgments execution shall issue on request of a party." § 44.103(5).

The request window is set by Florida Rule of Civil Procedure 1.820(h): "Any party may file a motion for trial. If a motion for trial is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(4), Florida Statutes."