861 So.2d 1224 (2003)
Mildred MORGAN and Jerry Morgan, Appellants,
v.
SOUTHEAST SERVICE CORPORATION, Bath & Body Works, Inc., and General Growth Management, Inc. d/b/a Coastland Center Mall, Appellees.
No. 2D02-2906.
District Court of Appeal of Florida, Second District.
December 12, 2003.
*1225 John G. Crabtree of John G. Crabtree, P.A., Key Biscayne, and Alexander L. Kaplan of Alexander L. Kaplan, P.A., Naples, for Appellants.
Bonita Kneeland Brown of Fowler, White, Boggs, Banker P.A., Tampa, for Appellee Southeast Service Corporation.
Dale T. Golden of Marshall, Dennehey, Warner, Coleman & Goggin, for Appellee Bath & Body Works, Inc.
No appearance for Appellee General Growth Management, Inc. d/b/a Coastland Center Mall.
SALCINES, Judge.
Mildred Morgan and her husband, Jerry Morgan, appeal the trial court's order which granted Southeast Service Corporation's motion for a limited trial de novo after nonbinding arbitration. The Morgans also question the order which granted Bath & Body Works, Inc.'s motion to enforce the arbitrator's decision and the final judgment entered pursuant to that order. We reverse the order granting the limited trial de novo and affirm the final judgment relating to Bath & Body Works.
The underlying facts of this case are clear. Mrs. Morgan was walking in the shopping center owned by General Growth Management, Inc. d/b/a Coastland Center Mall (the Mall). When she passed at or near the entrance to the Bath & Body Works store, she fell. The accident allegedly was caused by a substance on the floor. Mrs. Morgan sustained injuries as a result of the fall. The Morgans filed an action against the Mall, Bath & Body Works, and Southeast Service, the provider of janitorial services at Coastland Center Mall.
The trial court entered an order directing all the parties to participate in nonbinding arbitration pursuant to section 44.103, Florida Statutes (2002), and Florida Rule of Civil Procedure 1.800. After a hearing, the arbitrator made a determination as to the percentages of fault of each party and the total amount to be awarded for Mrs. Morgan's medical expenses, her noneconomic damages, and Mr. Morgan's loss of consortium.
*1226 Only one of the defendants, Southeast Service, filed a timely motion for a trial de novo pursuant to section 44.103(5). Southeast Service did not request a trial of all issues relating to it but, instead, requested a limited trial only as to the issue of liability. The trial court granted the relief as requested by Southeast Service. The Morgans assert that the order which granted the trial as to the issue of liability, but not as to damages found by the arbitrator in the nonbinding arbitration, was improper. We agree with the Morgans' assertions on this issue. Additionally, the Morgans claim that codefendant Bath & Body Works should be included in the trial de novo although neither they nor Bath & Body Works filed a motion for trial de novo. We find this argument unpersuasive.
On appeal, the Morgans first challenge the trial court's ruling on Southeast Service's unusual motion. This appeal presents an issue of first impression as to whether a party who has participated in nonbinding arbitration can limit a section 44.103(5) trial de novo to encompass only the issue of liability as to that party but otherwise to enforce the decision of the arbitrator concerning the issue of damages.
Recent cases involving motions for trial de novo following nonbinding arbitration, although distinguishable, are instructive. In Bacon Family Partners, L.P. v. Apollo Condominium Ass'n, 852 So.2d 882 (Fla. 2d DCA 2003), a counterclaim had been filed by the Bacon Family Partners. Following a hearing, the arbitrator in the nonbinding arbitration awarded an injunction as requested by the condominium association and denied the claims for damages in the complaint and in the counterclaim. The Bacon Family Partners filed a motion for trial de novo only as to the arbitrator's decision regarding the injunction and the denial of its demand for damages in the counterclaim. The Bacon Family Partners did not request a trial de novo on the ruling in its favor denying the condominium association's request for damages. The trial court noted that the motion for trial de novo was timely but struck the motion because of an alleged technical defect in the pleadings and because the counterclaim appeared to be nonviable.
While the appellate opinion addressed other aspects of the dispute between the Bacon Family Partners and the condominium association, this court specifically held that there was nothing in section 44.103 or rule 1.820 which supported a conclusion that the trial court had any discretion to deny a party's timely motion for trial de novo. Id. at 888-89. The case was remanded "for a trial on the issues raised in the Bacon [Family Partners'] motion for trial."
In Bacon Family Partners, this court's concluding statement provided for a limited de novo trial on only those issues raised in the moving party's motion. However, the case is distinguishable because the Bacon Family Partners' motion referenced separate causes of action, not the component parts of liability and damages of a single claim against a single defendant as in the present case. As the Fourth District stated in Johnson v. Levine, 736 So.2d 1235 (Fla. 4th DCA 1999):
[W]e can find nothing in section 44.103 that requires a trial on all issues against all defendants in a case having multiple and alternative claims against multiple defendants. Certainly there is nothing about the term trial de novo that suggests such a result. The phrase simply refers to a proceeding that begins anew, not to the range of the issues so tried.
. . . .

*1227 Nothing in the structure and purpose of the statute purports to mandate an omnibus trial in a multi-issue, multi-party case where the adverse parties to discrete claims have failed to request a trial after non-binding arbitration.... Each claim by this plaintiff against each separate defendant stands alone and can be treated ... entirely separate from and alternative to the other claims.
Id. at 1239-40 (emphasis in original). See also Venetoff v. Papas, 732 So.2d 453 (Fla. 2d DCA 1999) (holding plaintiff's motion for trial de novo of award in counterclaim only, but not of damages awarded in main cause of action was not void and remanding for a trial de novo of both the main cause of action and the counterclaim). The request for trial de novo in the present case did not involve separate, discrete claims against Southeast Service but involved only one claim which it attempted to dissect into liability and damages.
The appellate standard of review is de novo when reviewing a trial court's decision relating to a motion for trial pursuant to section 44.103. See Bacon Family Partners, 852 So.2d at 887-88. We hold that the trial court erred when it held that Southeast Service could restrict the trial de novo to the issue of liability only and bind the Morgans on the issue of damages.
The second issue raised by the Morgans questions the propriety of the trial court's order which granted Bath & Body Works' motion to enforce the arbitrator's decision and the entry of final judgment as to that party.
After the time period for filing a motion for trial de novo had expired, the trial court granted Bath & Body Works' motion and entered a final judgment affirming the decision of the arbitrator as to Bath & Body Works. A final judgment was entered which awarded money damages to the Morgans on their claims against this defendant only.
The Morgans argue that if a trial de novo is conducted, Bath & Body Works should be included as an active defendant in that trial. This argument is without merit. We note that the cause of action as to Bath & Body Works was a discrete claim in a multi-party action. Because neither Bath & Body Works nor the Morgans filed a motion for trial de novo, under the holdings of Venetoff, 732 So.2d 453, and Johnson, 736 So.2d 1235, the trial court properly entered judgment based upon the arbitrator's decision as to that cause of action.
Accordingly, we affirm the final judgment entered in favor of the Morgans as to Bath & Body Works, reverse the trial court's order granting Southeast Service's motion for a limited trial de novo, and remand for trial on all issues between the Morgans and Southeast Service.
Affirmed in part, reversed in part, and remanded for further proceedings.
WHATLEY and COVINGTON, JJ., Concur.