KLEIN, J.
Petitioner seeks a writ of mandamus to compel the trial court to enter a final judgment for damages awarded in nonbinding arbitration. Because respondents did not request a trial, the trial court was required by statute to enter a judgment, and we accordingly grant the petition. We reject the respondents’ argument that a judgment is premature because a trial was requested after arbitration on a claim contained in a separate count in the complaint.
Section 44.103, Florida Statutes (2003), entitled “Court-ordered, nonbinding arbitration,” authorizes trial courts to refer civil actions to nonbinding arbitration. A party dissatisfied with the result of arbitration may, within twenty days of service of the arbitration decision, file a motion for trial. If a motion for trial is not filed the trial court “shall” enter a judgment. § 44.103(5), Fla. Stat. Fla. R. Civ. P. 1.820(h). This is a “non-discretionary, mandatory duty.” Johnson v. Levine, 736 So.2d 1235, 1238 (Fla. 4th DCA 1999).
In the present case there were two counts in petitioner’s complaint which were arbitrated. The first claim was on a line of credit agreement and promissory note, and petitioner prevailed on that claim in the arbitration. The second claim involved a different agreement, which required respondents to make certain payments, contingent on future events. It provided that if the respondents breached the first agreement, they could have greater liability under the second agreement. Petitioner did not prevail in arbitration on the second claim.
Neither side moved for a trial on the first claim, but petitioner moved for a trial on the second claim. Petitioner then sought a money judgment on the first claim, which the trial court denied. The petition for writ of mandamus asks us to order that the judgment be entered on the first claim. As to the availability of the remedy, we held in Johnson that mandamus is available to direct entry of a judgment pursuant to our nonbinding arbitration statute.
The entire argument advanced by respondents is that, based on the plain language of section 44.103(5), Florida Statutes (2003), a motion for trial as to any claim precludes the entry of a judgment as to all claims. The statute provides:
The arbitration decision shall be presented to the parties in writing. An arbitration decision shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court. The decision shall not be made known to the judge who may preside over the case unless no request for trial de novo is made as herein provided or unless otherwise provided by law. If no request for trial de novo is made within the time provided, the decision shall be referred to the presiding judge in the case who shall enter such orders and judgments as are required to carry out the terms of the decision, which orders shall be enforceable by the contempt powers of the court, and for which judgments execution shall issue on request of a party.
We rejected respondents’ argument in Johnson, in which the plaintiff brought a malpractice action against a number of defendants, and the nonbinding arbitration resulted in some defendants being liable for damages and others not liable. Plaintiff moved for a trial as to the defendants found not liable, but the defendants found liable did not move for a trial. We rejected the liable defendants’ argument that entry of a judgment was premature be *956 cause there would be a trial on some of the claims. As Judge Farmer explained:
Plainly the text of the statute itself does not require, in so many words, that any request by a party to a separate claim operate to require a trial on a claim as to which no party has requested a trial. Nothing in the structure and purpose of the statute purports to mandate an omnibus trial in a multi-issue, multi-party case where the adverse parties to discrete claims have failed to request a trial after non-binding arbitration. Causes of action are, after all, claims by someone against someone. Each claim by this plaintiff against each separate defendant stands alone and can be treated — as, indeed, the arbitrator here did — entirely separate from and alternative to the other claims.
736 So.2d at 1240. The second district agrees with Johnson. Morgan v. Southeast Serv. Corp., 861 So.2d 1224 (Fla. 2d DCA 2003).
In the present case the claims were discrete. Although the second agreement referred to the first agreement, the agreements involved entirely separate subjects. Their only relationship was, as we noted above, that if respondents breached the first agreement, they could be liable for greater damages under the second agreement. There is no result which could obtain from the trial involving the second agreement, which would affect the liability or damages under the first agreement.
Respondents have cited no authority, nor given us any good reason why, under the separate claims advanced in this case, a judgment should not be entered on the first claim at this time. They make no argument that these claims are not discrete, nor do they address Johnson, in which we previously rejected the argument that any motion for trial precludes a judgment on another claim. We therefore grant the petition and direct the trial court to enter a judgment based on the arbitration award in favor of petitioner.
FARMER, C.J., concurs.
STONE, J., dissents with opinion.