FARMER, J.
The issue raised on appeal presents an important question concerning the statute requiring nonbinding arbitration in pending civil actions. We affirm the decision under review.
A terminated employee sued his former employer for unpaid compensation relating to different agreements at different times for commissions and bonuses. The employee was hired as the Regional Marketing Coordinator. In the first agreement he claimed he was to be paid commissions of .5% on revenues and .5% on net profits for contracts sold. In the second agreement, made one year after he assumed his position, he claimed he was to be paid additional commissions for recruiting.
So in his complaint initiating the action against his former employer, he divided his claims into two counts. Count I was based on the first agreement; count II was based on the second agreement.
In due course the trial court entered an order requiring nonbinding arbitration under section 44.103(2), Florida Statutes (2006). The arbitrator found in favor of the employee on count I and awarded $4,500 plus prejudgment interest. On count II, the arbitrator found in favor of the employer and awarded nothing.
The arbitrator’s decision was filed on January 17th. Nine days later, on January 26th, the employee filed a notice accepting the arbitrator’s decision on count I, together with a notice of voluntary dismissal as to the remaining claim (count II) of the complaint. His notice specified that his acceptance of the arbitrator’s decision *535 as to count I was “without prejudice” as to claim II which was dismissed. One day later the employer filed a motion for judgment on the arbitrator’s award but did not demand a jury trial on any issue.
The employee thereupon also moved for the entry of judgment on the award. The employer filed a memorandum opposing the dismissal of the remaining claim and sought final judgment against the employee. The employer argued that the attempted voluntary dismissal of the remaining claim was a “nullity” and that it was entitled to judgment on the arbitrator’s decision in its favor as to count II.
The trial judge held a hearing and heard extensive argument from both sides. In the end the court emphasized that after the arbitrator’s decision the employer did not timely request a trial on the only claim remaining. The court further stated that it felt bound by our decision in Broward Yachts Inc. v. Denison, 871 So.2d 954 (Fla. 4th DCA 2004), to allow the voluntary dismissal to stand while entering judgment on count I in accordance with the arbitrator’s decision. The court also noted that if the employee should refile the claim in count II, the employer was free to interpose its argument that the claim would be barred by the doctrine of res judicata or collateral estoppel but saw no need to determine that issue under the circumstances then existing.
We agree with the trial judge’s analysis. Neither side demanded a trial as to the claim represented by the second count within 20 days of the arbitration decision. Both sides accepted the arbitrator’s decision as to the first count, and so that claim was decided by the arbitration and was no longer subject to litigation. Nonbinding arbitration under section 44.103 is meant to be just that — nonbinding. The employer’s argument would effectually make it binding on the employee. The right to trial in a court on civil claims is of constitutional dimensions, with litigants having both the right to access to the courts and to trial by jury. They also have the right by prior agreements to waive litigation and submit specified claims to arbitration. Their right to make such agreements, however, does not mean that binding arbitration can be required over their objection when prior agreement is lacking. Statutes such as this may serve the public interest, but they cannot be construed to weaken these constitutional rights of litigants.
Before the expiration the 20-day period, the employee removed the only remaining claim from the court by voluntary dismissal. It is true that rule 1.420(a) does not allow partial voluntary dismissals of less than the whole action. But in this instance, with both sides accepting nonbinding arbitration on the first claim, the only claim left in the action was the second claim. The whole action had thereby devolved into only a single claim. In this circumstance there is no violence to the ban on partial voluntary dismissals.
We also agree with the trial judge that our decision in Broivard Yachts tilted in favor of the employee. There was enough difference in the two separate claims that it could not be said that a decision on one of them ipso facto disposed of the other. We used comparable reasoning in Broward Yachts where we said:
“In the present case the claims were discrete. Although the second agreement referred to the first agreement, the agreements involved entirely separate subjects. Their only relationship was, as we noted above, that if respondents breached the first agreement, they could be liable for greater damages under the second agreement. There is no result which could obtain from the trial involving the second agreement, which *536 would affect the liability or damages under the first agreement.”
871 So.2d at 956.

Affirmed.

GUNTHER and STONE, JJ„ concur.