CRENSHAW, Judge.
Petitioner Todd Hatfield seeks a writ of prohibition against Circuit Judge Philip J. Federico to disqualify him from presiding over Hatfield’s postconviction proceeding. Judge Federico denied Hatfield’s motion to disqualify judge as insufficient on its face. Within his petition for writ of prohibition, Hatfield argues that his motion was legally sufficient and that the trial judge’s order was not timely entered, thereby requiring that the motion to disqualify be deemed granted. We deny the petition for writ of prohibition. We agree with the trial court’s determination that the motion to disqualify was facially insufficient without further discussion. We also conclude that the trial court’s order denying the motion to disqualify was timely entered and we write to explain this conclusion.[1]
Hatfield served his motion to disqualify by mailing it from prison on November 5, 2009, along with a motion for postconviction relief. The trial court denied the motion on December 10, thirty-five days after service. Hatfield argues that Florida Rule of Judicial Administration 2.330(j) requires that the motion must be deemed granted:
The judge shall rule on a motion to disqualify immediately, but no later than 30 days after the service of the motion as set forth in subdivision (c). If not ruled on within 30 days of service, the motion shall be deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.
Fla. R. Jud. Admin. 2.330(j).
Although the plain language of the rule would appear to be in Hatfield’s favor, we note first that this provision refers to subdivision (c) of the same rule, which provides, in pertinent part, that “[i]n addition to filing with the clerk, the movant shall immediately serve a copy of the motion on the subject judge as set forth in Florida Rule of Civil Procedure 1.080.” Fla. R. Jud. Admin. 2.330(c)(4). Rule 1.080 provides, in pertinent part, that
[sjervice on the attorney or party shall be made by delivering a copy or mailing it to the attorney or the party at the last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing.
Fla. R. Civ. P. 1.080(b).[2] We conclude that because rule 2.330(c)(4) invokes the rule of civil procedure governing service of a pleading, related civil rules must also necessarily apply. Cf. Holter v. Dohnansky, 917 So.2d 242 (Fla. 5th DCA 2005) (invoking rule 1.090(a) to allow an extra day for *656 filing a motion to disqualify when the filing deadline fell on a Sunday). Relevant to the present issue, rule 1.090(e) provides that
[w]hen a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon that party and the notice or paper is served upon that party by mail, 5 days shall be added to the prescribed period.
Fla. R. Civ. P. 1.090(e).[3]
As such, because Hatfield served his motion by mail, the circuit court had five additional days to rule on Hatfield’s motion to disqualify, or a total of thirty-five days from the date of mailing. Because the court ruled on the motion on the thirty-fifth day, the ruling was timely under rule 2.330(j), and Hatfield’s petition for writ of prohibition must be denied.
Petition denied.
DAVIS and KHOUZAM, JJ„ Concur.

. Having resolved the petition by finding the motion facially insufficient and the trial court’s order timely entered, we need not address the issue raised by the State regarding the timeliness of Hatfield’s original motion to disqualify.

. That the judge is not a party to the underlying proceeding does not affect the requirement in rule 2.330(c)(4) that the service procedures of rule 1.080 be employed.

. Cf. Tableau Fine Art Group, Inc. v. Jacoboni, 853 So.2d 299, 302-03 (Fla.2003) ("[W]e hold that a motion for judicial disqualification filed pursuant to Florida Rule of Judicial Administration 2.160 [current rule 2.330] must be ruled on within thirty days following its presentation to the court. We believe that thirty days gives the trial court sufficient time to determine the sufficiency of a motion.” (Emphasis added.)).