PER CURIAM.
Bruce Edward McCray, Jr., petitions the court for prohibition relief, contending that the trial judge erred in denying his motion seeking her disqualification, and that he is in any event entitled to reassignment of his case to a different judge because his motion for disqualification was not acted upon in a timely fashion. We reject without further comment his claim that his motion was legally sufficient to warrant disqualification, but -write to address his claim that the motion was not ruled on within 30 days, as Florida Rule of Judicial Administration 2.330(j) requires.
McCray’s motion for disqualification bears a service date of August 9, 2013. Rule 2.330(j) provides in relevant part that “[t]he judge shall rule on a motion to disqualify immediately, but no later than 30 days after service of the motion ...,” and McCray’s motion was denied by order of September 16, 2013. McCray argues that because more than 30 days elapsed between service of his motion and its disposition, he is entitled to have a new judge assigned in accordance with the portion of rule 2.330(j) providing that, “[i]f not ruled on within 30 days of service, the motion shall be deemed granted and the moving party may seek an order from the court *450 directing the clerk to reassign the case.”[1] We disagree and therefore deny his petition.
McCray served his motion for disqualification by mail, and Florida Rule of Judicial Administration 2.514(b) provides as follows:
(b) Additional time after service by mail or e-mail. When a party may or must act within a specified time after service and service is made by mail or email, five days are added after the period that would otherwise expire under subdivision (a).
Prior to rule 2.514 taking effect on October 1, 2012,[2] the various rules of court generally provided that where an act was required to be performed within a specified time after service and service is made by mail, additional time was added to “the prescribed period.” See, e.g., Fla. R. Civ. P. 1.090(e) (2012); Fla. R. Crim. P. 3.070 (2012); Fla. R. App. P. 9.420(e) (2012). Under the former rules, five days would have been added to the 30 day period prescribed by rule 2.330(j). See Hatfield v. State, 46 So.3d 654, 655 n. 2 (Fla. 2d DCA 2010) (holding that rule allowing additional time after service by mail extended time for judge to rule on motion to disqualify, and specifically: “That the judge is not a party to the underlying proceeding does not affect the requirement in rule 2.330(c)(4) that the service procedures of rule 1.080 be employed.”). The 35th day following service of petitioner’s motion was Friday, September 13, 2013, and the motion would have been deemed granted if not acted on by that date.
Under rule 2.514(b), however, the additional time is added to the end of the period “that would otherwise expire under subdivision (a)” of the rule. Thus, it appears that computing the additional time allowed after service by mail is now a two-step process. The first step involves determining when the original period would have expired under subdivision (a) of the rule. Here, the 30th day following service of McCray’s motion was September 8, 2013. However, because that was a Sunday, rule 2.514(a)(1)(C) dictates that the period continued to run until the end of the next day that was not a Saturday, Sunday or legal holiday, that being Monday, September 9, 2013. In the second step, five days are added to the result of the computation under subdivision (a), yielding a result of September 14, 2013. Because that date is a Saturday, rule 2.514(a)(1)(C) is again implicated and the trial judge’s time for acting on the motion for disqualification was extended through Monday, September 16, 2013. Accordingly, the order of September 16, 2013, denying the motion for disqualification was entered in a timely fashion.
Apart from explaining the basis for our decision in this case, our opinion is intended to serve the broader purpose of ex *451 plaining our interpretation of rule 2.514 to the bench, bar and litigants. Upon its adoption in October 2012, Rule 2.514 effectively superseded “any rule of procedure, local rule, court order, or statute that does not specify a method of computing time.” Fla. R. Jud. Admin. 2.514(a). In fact, in addressing the computation of time, the current rules of procedure governing particular classes of cases for the most part simply cross-reference rule 2.514. See Fla. R. Civ. P. 1.090(a); Fla. R. Crim. P. 3.040; Fla. R. Civ. P. — S.V.P. 4.090(a); Fla. Prob. R. 5.042(a); Fla. R. Traf. Ct. 6.350; Fla. R. Juv. P. 8.180(a); Fla. R. Juv. P. 8.240(a); Fla. R. Juv. P. 8.630(a); Fla. R. App. P. 9.420(e); Fla. Fam. L. R. P. 12.090.[3] Accordingly, assuming we have correctly construed the rule, the computation methodology described above will apply in a host of different situations, and as this case exemplifies, may yield different results than would have obtained under the former rules.
In accordance with the foregoing, the petition for writ of prohibition or writ of mandamus is DENIED on the merits.
BENTON, WETHERELL, and MARSTILLER, JJ., concur.

. The petition before us also includes a request for mandamus relief in the form of an order directing the lower tribunal clerk to reassign McCray's cases. However, petitioner fails to show that he has sought an order of reassignment, and thus fails to demonstrate an entitlement to mandamus relief. See Rowe v. Duetche Bank Nat. Trust Co., 49 So.3d 1285 (Fla. 1st DCA 2010). Moreover, even if McCray had sought an order reassigning his cases, our conclusion that the trial judge timely ruled on the motion for disqualification dictates that he is not entitled to such an order.

. See In re Amends, to Fla. Rules of Jud. Admin., Fla. Rides of Civil Pro., Fla. Rules of Crim. Pro., Fla. Rules of Civil Pro. for Involuntary Commitment of Sexually Violent Predators, Fla. Probate Rules, Fla. Rules of Traffic Court, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rules of Pro.— Computation of Time, 95 So.3d 96 (Fla.2012).

. Notably, Florida Rule of Criminal Procedure 3.040 incorporates only subdivision (a) of rule 2.514. That distinction is immaterial here, however, because although this matter arises from a criminal case, motions to disqualify a trial judge are governed by Florida Rule of Judicial Administration 2.330. The computation procedure of rule 2.514 in its entirety therefore applies.