# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

RON CARPENTER and STRATEGIC LAND
AND PROPERTY SALES, LLC,

Appellants,

v.

BVK-MUIRFIELD VILLAGE, LLC; BGV LIMITED LLLP; BARCLAY GROUP
HOLDINGS LIMITED, LLLP; BARCLAY GROUP OPERATIONS, LLC;
BARCLAY GROUP; DAVID A. COIA; SCOTT T. ARCHER; and DANIEL
VIETTO,

Appellees.

RON CARPENTER and STRATEGIC LAND
AND PROPERTY SALES, LLC,

Appellants,

v.

BVK-WELLINGTON ESTATES, LLC; BGV LIMITED LLLP; BARCLAY
GROUP HOLDINGS LIMITED, LLLP; BARCLAY GROUP OPERATIONS,
LLC; BARCLAY GROUP; DAVID A. COIA; SCOTT T. ARCHER; and
DANIEL VIETTO,

Appellees.

Nos. 2D2024-0589, 2D2024-1554
CONSOLIDATED

_____

July 11, 2025

Appeal from the Circuit Court for Pinellas County; Patricia Ann Muscarella, Judge.

John E. Johnson and Emily J. Thompson of Johnson, Newlon & Decort, P.A., Tampa, for Appellants.

Robert V. Potter of Johnson, Pope, Bokor, Ruppel & Burns, LLP, Clearwater, for Appellees BVK-Muirfield Village, LLC, and BGV Limited LLLP.

No appearance for remaining Appellees.


SILBERMAN, Judge.

The plaintiffs in the trial court, Ron Carpenter and Strategic Land and Property Sales, LLC (collectively, Carpenter), appeal the trial court's Amended Order Denying Plaintiffs' and Defendants' Competing Motions for Attorneys' Fees and Costs in two consolidated cases. Carpenter challenges only the portion of that order denying Carpenter's motion for fees and costs against BGV Limited, LLLP (BGV Limited). Because the trial court erred in denying Carpenter's motion for attorney's fees and costs, we reverse and remand with instructions for the trial court to reconsider Carpenter's motion. We affirm the trial court's denial of the appellees' motion for fees and costs.

This appeal arises from two consolidated lawsuits, trial court case number 15-002562-CI referred to as the "*Wellington*" case, and case number 18-001021-CI referred to as the "*Muirfield*" case. In December 2022, the parties engaged in nonbinding arbitration. The arbitrator entered an award in favor of Carpenter in both cases. However, in the *Muirfield* case, the arbitrator's award to Carpenter was solely against BVK-Muirfield Village, LLC (BVK-Muirfield) and not the other parties to that case, including BGV Limited. Carpenter requested a partial trial de

novo in the *Muirfield* case as to BGV Limited and the other parties against whom it did not prevail. The appellees requested a trial de novo in both the *Wellington* and the *Muirfield* cases. Pursuant to the requests for trial de novo, the trial court conducted a trial and, on June 2, 2023, entered a final judgment disposing of both cases. Regarding the *Muirfield* case, the court ruled in favor of Carpenter and against BGV Limited, awarding Carpenter $19,992.00. This award is key to our resolution of this appeal.

On June 15, 2023, BVK-Muirfield and BGV Limited filed a motion for attorney's fees and costs, arguing that Carpenter requested the trial de novo in the *Muirfield* case and failed to obtain a judgment more favorable than the arbitration award. On July 5, 2023, Carpenter filed its own motion for attorney's fees and costs, noting that in the *Muirfield* arbitration it recovered nothing from BVG Limited while at the trial de novo it recovered $19,992.00 against BVG Limited. Carpenter pointed out that BGV Limited had also requested a trial de novo in the *Muirfield* case and failed to obtain a judgment more favorable to it than the arbitration decision. BGV Limited filed a response acknowledging that it had filed its demand for trial de novo in the two consolidated cases but asserting that it had only been seeking a trial de novo as to the award against it in the *Wellington* case. However, it admitted that "there may be some ambiguity" in its demand for trial de novo.

The trial court held a hearing on the competing motions for attorney's fees and costs, and it subsequently entered an order denying both motions. The appellees do not challenge the denial of their motion, and we do not address it further. As to Carpenter's motion, the court found that the motion was untimely and that the amount of Carpenter's judgment at the trial de novo was less than the amount required to

3

trigger a fee award. Carpenter filed a motion for reconsideration arguing that its motion for fees and costs was timely and that it had indeed obtained a more favorable judgment against BGV Limited in the trial de novo. The trial court entered an amended order correcting only a clerical error.

"Generally, our review of an order denying fees is for an abuse of discretion; however, '[w]here entitlement rests on the interpretation of a statute or contract, our review is de novo.' " *Destination Boat Clubs, Inc. v. Island Breeze Boat Club & Rental Inc.*, 226 So. 3d 301, 303 (Fla. 2d DCA 2017) (alteration in original) (quoting *Raza v. Deutsche Bank Nat'l Tr. Co.*, 100 So. 3d 121, 123 (Fla. 2d DCA 2012)). Here, Carpenter claimed a statutory right to attorney's fees and costs; thus, we review the order de novo.

Nonbinding arbitration is governed substantively by section 44.103, Florida Statutes (2024), and procedurally by Florida Rule of Civil Procedure 1.820. Section 44.103(6) specifies that a motion for attorney's fees and costs must be filed "within 30 days after entry of judgment." Section 44.103 does not, however, specify a method of computing time.

Florida Rule of Civil Procedure 1.090 sets forth several time provisions pertinent to civil litigation. One provision states that the "[c]omputation of time shall be governed by Florida Rule of General Practice and Judicial Administration 2.514." Fla. R. Civ. P. 1.090(a).

Rule 2.514(a)(1) provides that counting begins "from the next day that is not a Saturday, Sunday, or legal holiday," and when the last day of the period is a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." When it was adopted, "[r]ule 2.514 effectively superseded 'any rule of procedure, local rule, court order, or statute that

4

does not specify a method of computing time.' " *McCray v. State*, 151 So. 3d 449, 451 (Fla. 1st DCA 2014) (quoting Fla. R. Jud. Admin. 2.514(a)). Because section 44.103 does not specify a method of computing time, rule 2.514 applies.

Here, the consolidated final judgment was entered on June 2, 2023, and Carpenter's motion for attorney's fees and costs was filed on July 5, 2023. Because June 2, 2023, was a Friday, counting began on Monday, June 5, 2023. Therefore, thirty days after entry of the final judgment was July 4, 2023. July 4, 2023, was a legal holiday, resulting in the filing deadline being extended to July 5, 2023—the day that Carpenter's motion was filed. Accordingly, Carpenter's motion for attorney's fees and costs was timely filed in accordance with section 44.103(6), rule 1.090(a), and rule 2.514(a), and the trial court erred in denying Carpenter's motion based on untimeliness.

The trial court also stated that Carpenter obtained a judgment which was at least twenty-five percent less than the arbitration award. However, that statement failed to recognize key points. The arbitration award resolved both the *Muirfield* and *Wellington* cases. The arbitrator identified the liable parties for each case and the amounts for which those parties were liable. In the *Muirfield* case, Carpenter prevailed against BVK-Muirfield and the arbitrator awarded damages solely against that entity. Carpenter did not prevail in that case against other parties, including BGV Limited, and Carpenter only requested a trial de novo as to those parties. BGV Limited filed its demand for a trial de novo in the consolidated cases without limiting or specifying what it was seeking to challenge in either case. The disposition of the *Wellington* case is not at issue here, but in the trial de novo as to the *Muirfield* case, Carpenter prevailed over BGV Limited.

5

Turning to Carpenter's request for a trial de novo, a request for a trial de novo against only certain parties is permitted. *See Johnson v. Levine*, 736 So. 2d 1235, 1239-40 (Fla. 4th DCA 1999) (explaining that after some defendants were found liable in nonbinding arbitration, plaintiff's "highly specific request" for trial de novo against the nonliable defendants was permitted). Here, in the trial de novo, Carpenter prevailed against BGV Limited and recovered an award of $19,992.00. On that basis, Carpenter sought an award of fees and costs against BGV Limited.[1] Because Carpenter and BGV Limited both requested a trial de novo in the *Muirfield* case, and because Carpenter prevailed against BGV Limited in the trial de novo, the trial court erred in finding that Carpenter had obtained a judgment that was less than twenty-five percent of the arbitration award.

In summary, Carpenter's motion for attorney's fees and costs was timely, and Carpenter, by prevailing against BGV Limited in the *Muirfield* case trial de novo, is entitled to seek an award of fees and costs against BGV Limited. We reverse the trial court's order and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

LaROSE and SLEET, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.

---

[1] Carpenter did not request a trial de novo in the *Wellington* case, and that case does not impact our analysis.