600 So.2d 511 (1992)
Suzanne KLEIN, Appellant,
v.
J.L. HOWARD, INC. d/b/a J/Howard Design and Judy Howard, individually, Appellees.
No. 91-2076.
District Court of Appeal of Florida, Fourth District.
June 10, 1992.
*512 Adam G. Heffner, Schneider, Pearlstine & Heffner, Boca Raton, for appellant.
W. Jay Hunston, Jr., of DeSantis, Cook & Hunston, Jupiter, for appellees.
SCHWARTZ, ALAN R., Associate Judge.
As was correctly held below, under the clear and mandatory provisions of section 44.303(4), Florida Statutes (1987),[1] and rule 1.820(h), Florida Rules of Civil Procedure,[2] upon the failure to move for a trial de novo within 20 days of the service of an arbitration award rendered pursuant to section 44.303, Florida Statutes (1987), the trial court is required to enforce the award and lacks discretion to do otherwise. Wiesen v. Schatzberg, 157 Fla. 375, 26 So.2d 62 (1946); State ex rel. Negron v. Court of Record In and For Broward County, 286 So.2d 582 (Fla. 4th DCA 1973). It does not matter that the award itself was untimely rendered beyond the period provided by rule 1.820(g)(3), Florida Rules of Civil Procedure,[3] because, in contrast to section 44.303(4) and rule 1.820(h), this clause is merely directory. Department of Business Regulation, Division of Pari-Mutuel Wagering v. Hyman, 417 So.2d 671 (Fla. 1982), on remand, 431 So.2d 603 (Fla. 3d DCA 1983); Allied Fidelity Ins. Co. v. State, 415 So.2d 109 (Fla. 3d DCA 1982); and cases cited.[4] No other error is presented.
AFFIRMED.
HERSEY and POLEN, JJ., concur.
NOTES
[1] An arbitration decision shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court... . If no request for trial de novo is made within the time provided, the decision shall be referred to the presiding judge in the case who shall enter such orders and judgments as are required to carry out the terms of the decision... . § 44.303(4), Fla. Stat. (1987).
[2] If a motion for a trial de novo is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.303(4), Florida Statutes (1987). Fla.R.Civ.P. 1.820(h).
[3] Within ten days of the final adjournment of the arbitration hearing, the arbitrator(s) shall, in writing, notify the parties of their decision on a form approved by the Supreme Court. Fla.R.Civ.P. 1.820(g)(3).
[4] Under the circumstances presented, relief under rule 1.540(b) was not available to the appellant. See Herrick v. Southeast Bank, N.A., 512 So.2d 1029 (Fla. 3d DCA 1987).