PLEUS, J.,
dissenting.
I respectfully dissent. In my view, the trial court properly rejected Mr. Gallardo’s claims. None of the so-called “irregularities” prejudiced Mr. Gallardo.
It is true that the arbitrators did not serve a copy of their unanimous, no liability decision on Gallardo or his counsel. However, counsel for one of the defen *1243 dants sent him a copy on October 31, 2000. It is irrelevant that the arbitrator failed to serve a 'copy of their decision .because eventually it was served, and 20 days after service, no motion for trial was filed.
Rule 1.820(h) provides that if a motion for trial is not made within 20 days of service on the parties, the decision shall be referred to the judge who shall enforce the decision by appropriate order. Rule 1.090 provides an additional five days after October 31 to file a motion for trial. November 25th was a Saturday so the plaintiff had until Monday, November 27th to file a motion for trial. He failed to file such a motion.
Mr. Gallardo argues the order to engage in non-binding arbitration was not in writing. Nothing in the rule or statute requires a written order and the record is clear that non-binding arbitration was ordered, was held, and Mr. Gallardo did participate.
Next he argues that he was misled by a defendant’s motion to continue the trial. The motion filed by Dr. Scott to continue the trial was not misleading. Trial had been scheduled for December 11. The motion to continue was filed after Mr. Gallardo received a copy of the arbitration decision and before the 20 days had run. All he had to do was file his motion for trial and call up the motion for continuance. He failed to do either.
In support of his position, Mr. Gallardo points to a statement by the trial judge that he was unaware of the rule and statute. Whether or not the trial judge was aware of section 44.103 or rule 1.820(h) is irrelevant. He was certainly aware of both when he ruled. Judges are not expected to memorize the Florida Statutes or the Rules of Civil Procedure.
Mr. Gallardo claims that no one told him that non-binding arbitration was subject to rules, and therefore, he was not on notice that the rules applied. This is an absurd argument. Due process does not require specific notice of statutory or rule provisions which apply to court-ordered, nonbinding arbitration. By adopting such an argument as an excuse, the majority opinion has opened the floodgates to all sorts of mischief and destroyed the age-old axiom that ignorance of the law is no excuse.
I will concede that it was never specified by the court, the arbitrators, or their opponents, that the non-binding arbitration was subject -to section 44.103 and rule' 1.820. The applicability of the rules and statutes should have been obvious to all concerned, including Mr. Gallardo’s attorney, because there is no other rule dealing with nonbinding arbitration. Just from reading the statute or the rule, it is obvious that the consequences of a failure to file a motion will result in enforcement of the arbitration decision. When Mr. Gallardo was told the trial court was sua sponte ordering non-binding arbitration, all parties were on notice of the statute and rules authorizing the court to do so.
Even if we assume that a notice of arbitration did not set forth the time and place, and assume further, that Mr. Gallar-do was not given information on hearing procedures, the fact is he showed up at the appropriate time and place, and participated in the proceedings. He thus waived any objections he might have had to a lack of notice. A careful reading of the rule shows that only the procedure for setting a time and place must be set forth; other procedures are discretionary with the Chief Judge.
The majority opinion suggests that Mr. Gallardo was a “non-consenting” party to the arbitration. The record proves otherwise. It was counsel for one of the defendants who objected and not Mr. Gallardo.
*1244 I find nothing in section 44.103 or rule 1.820(h) which even remotely suggests that the decision of the arbitration board cannot be enforced against a non-consenting party. In fact, the rule and statute suggest just the opposite.
Case law on point supports the actions of the trial court. In Klein v. J.L. Howard, Inc., 600 So.2d 511 (Fla. 4th DCA 1992), the court held that the untimeliness of the rendition of the award had no effect on the non-discretionary duty of the trial court to enforce the arbitration award on the failure to move for trial de novo within 20 days.
In Department of Business Regulation v. Hyman, 417 So.2d 671 (Fla.1982), on remand, 431 So.2d 603 (Fla. 3d DCA 1983), the court held that an agency’s untimely rendering of a final order did not impair the enforceability of the order, where the delay did not result in an impairment of either the fairness of the proceedings or the correctness of the action. In this case, no suggestion is made that the decision of the arbitrators was unfair.
In the present case, any irregularities in the proceeding did.not impair Mr. Gallar-do’s rights. He attended the arbitration and had more than 20 days after the receipt of the arbitration award in which to move for a trial de novo. Had he done so, the arbitration decision would have been meaningless. Enforcement of the arbitration award by entry of a final judgment in favor of the defendants was therefore mandatory.
Sympathy for the plaintiff should not be allowed to trump the rule of law. The final order of the trial court should be affirmed.