932 So.2d 321 (2006)
NICHOLSON-KENNY CAPITAL MANAGEMENT, INC., Appellant,
v.
Richard STEINBERG, Norman Fine, Steinberg Global Asset Management, Ltd., Corp. and Cathleen Osier Buchanan, Appellees.
No. 4D03-4687.
District Court of Appeal of Florida, Fourth District.
February 8, 2006.
*322 Jonathan C. Scott of Scott & Scott, LLP, Smithtown, NY, for appellant.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, Scott Konopka and Stephen C. Page of Page, Mrachek, Fitzgerald & Rose, P.A., Stuart, for appellees Richard Steinberg, Norman Fine and Steinberg Global Asset Management, Ltd., Corp.
Peter A. Sachs of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellee Cathleen Osier Buchanan.

On Motion for Rehearing
WARNER, J.
We deny the motion for rehearing, except to the extent that we correct a non-material factual error, we withdraw our previously issued opinion and substitute the following in its place.
The trial court entered a final judgment on an arbitration award because the court *323 found that appellant did not file a request for trial de novo within twenty days, pursuant to Florida Rule of Civil Procedure 1.820(h). We reverse, concluding that appellees were precluded from raising the failure to file a paper styled "Motion for Trial" under these circumstances where the case was set for trial prior to the arbitration proceeding, appellant filed a notice for a pretrial conference after the arbitration, and appellees actually participated in trial preparations and docket call after the arbitration ruling.
Appellant, Nicholson-Kenny Capital Management, Inc., sued the appellees, hereinafter referred to collectively as Steinberg, for misappropriation of trade secrets. After discovery and motion practice, Steinberg moved to set the case for trial. The court entered an order setting calendar call for the trial of the action on August 29, 2003. The order prescribed the pretrial procedure, including the holding of pretrial conferences between the parties and the filing of the pretrial statement.
In the order setting trial, the court also ordered the parties to non-binding arbitration pursuant to rule 1.820.
The parties went to arbitration, and the arbitrator rendered its order in favor of Nicholson for $1.5 million in damages against other defendants but ruled in favor of Steinberg and found it not liable. A corrected ruling was served on the parties on August 9, 2003. On August 13, after the arbitration decision was rendered, Nicholson's attorney served a "Notice of Conference of Parties & Attorneys" on Steinberg. The notice provided:
[A] Conference has been scheduled, pursuant to Paragraph 6 of Order Setting Trial, for all parties and/or their attorneys, to meet to DISCUSS SETTLEMENT, SIMPLIFY THE ISSUES AND STIPULATE IN WRITING TO AS MANY FACTS AND ISSUES AS POSSIBLE, PREPARE A PRETRIAL STIPULATION IN ACCORDANCE WITH THE PRETRIAL REQUIREMENTS, AND TO LIST ALL OBJECTIONS TO TRIAL EXHIBITS ....
(emphasis in original). Steinberg's attorneys' office was designated as the conference site. The meeting must have taken place because after the scheduled date, Nicholson's attorney filed a notice that several of the unrepresented defendants did not appear.
Discovery proceeded in accordance with the terms of the order setting trial, and Steinberg took a deposition in the case the day before docket call. During the deposition, Steinberg's counsel discussed the pretrial statement with Nicholson's attorney.
At the already scheduled calendar call on August 29, 2003, Nicholson requested a trial date. Steinberg's attorney appeared and voiced no objection. The court then set the trial for October 20.
In accordance with the Order on Pretrial Procedures, both Nicholson's and Steinberg's attorneys appeared at a uniform motion calendar hearing the following week regarding the filing of the joint pretrial stipulation. Both lawyers told the judge that they expected to complete it soon. Both lawyers signed the revised joint pretrial statement later that day.
Ten days later, Steinberg filed a motion for final judgment alleging that because Nicholson failed to file a motion for trial de novo, the court was required to enter final judgment on the arbitrator's decision. After argument, the court agreed, entering final judgment and denying a motion for rehearing.
With respect to a trial after a party rejects an arbitrator's award in non-binding arbitration, rule 1.820(h) states:

*324 (h) Time for Filing Motion for Trial. Any party may file a motion for trial. If a motion for trial is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decisions as provided by section 44.103(5), Florida Statutes.
In Klein v. J.L. Howard, Inc., 600 So.2d 511, 512 (Fla. 4th DCA 1992), we held that "upon the failure to move for a trial de novo within 20 days of the service of an arbitration award . . . the trial court is required to enforce the award and lacks discretion to do otherwise." (Emphasis supplied). Later, we again explained that failure to request a trial de novo within the time provided in the rules creates a "right to enforce an arbitration award that has become final and binding as a result of a failure to request a trial." Johnson v. Levine, 736 So.2d 1235, 1238 (Fla. 4th DCA 1999).
Neither Klein nor Johnson involved a case, as here, in which a notice for trial had already been served, and the trial had been set on a docket. The filing of a pleading styled "motion for trial" under such circumstances does not seem required, nor does the rule require that the pleading be styled "motion for trial." Instead, we think the rule requires some notice to the opposing party that its adversary is rejecting an arbitration award and renewing its demand for trial, which in this case was already set.
In Johnson we noted that we could not interpret "Exceptions to Arbitration Order" as requesting a trial de novo, because no mention of a trial was made anywhere in the document. We noted,
Frankly we can find nothing anywhere in any of these documents that could plausibly support an argument that in substance these defendants were really requesting a trial de novo. The words "trial de novo" appear nowhere in their papers. In fact there is nothing in any of them even hinting at or suggesting they wanted a trial or further trial proceedings. They merely attack the arbitrator's findings and conclusions. In our view, the trial judge was quite correct in finding that these "exceptions" simply failed to request a trial de novo.
736 So.2d at 1239. To the contrary, in this case, based upon the provisions of the order setting trial, Nicholson's attorney filed a notice setting the attorney pretrial conference only four days after receiving the arbitrator's decision. In the notice, Nicholson clearly indicated a desire to proceed to trial in the case. Both attorneys attended the calendar call for the trial period, and Nicholson requested a trial date in open court, in accordance with the order setting trial. Its attorney met with Steinberg's attorneys to hammer out a joint pre-trial statement. There is no question in this case that Nicholson requested a trial within twenty days of the arbitrator's decision, and there is more than a "hint" of that fact in the filings with the court.
Even though the notice indicating a continued demand to proceed to trial was not specifically styled a "motion for trial de novo," we would conclude that Steinberg, through its conduct, is precluded from raising the issue of non-compliance with rule 1.820. It did not object when its attorneys were noticed to attend the pretrial conference; it worked with Nicholson's attorney to develop the pretrial statement; and it did not object to setting the trial at the docket call. All of these events occurred within the time in which Nicholson could have filed a "motion for trial de novo" had it known that Steinberg was insisting that it file a document so *325 styled. Steinberg continued preparing for a trial and never revealed its argument that the notice of setting the pretrial conference in accordance with the order setting trial was insufficient to put it on notice that Nicholson intended to proceed with a trial.
The purpose of the motion for trial in court-ordered non-binding arbitration is to hasten the litigation along, make the parties evaluate the award, and either accept it or complete the litigation through trial. We analogize this to the interpretation this court made of section 39.506(3), Florida Statutes (2001), in A.J. v. Department of Children and Families, 845 So.2d 973 (Fla. 4th DCA 2003). That section provides for a default of a parent who fails to appear at a scheduled adjudicatory hearing for dependency. We noted:
The purpose of a default provision such as that in section 39.506(3) is to ensure that the object of the dependency petition "is not defeated by the parent's neglect of the proceeding." [Citations omitted]. Section 39.506(3) "enables the trial court" to bring a dependency case "to conclusion even if the parent has chosen not to participate." Id. The purpose of the statute is not to inject "gotcha" practices into the dependency process.
Id. at 976.
In the same manner, the motion for trial under rule 1.820 puts the other side on notice that it should be prepared for trial. It is a procedural device to hasten the end of litigation. It too should not be interpreted to introduce "gotcha" tactics into litigation.
This case is also analogous to Gardner v. Broward County, 631 So.2d 319 (Fla. 4th DCA 1994). There, a personal injury plaintiff filed a statutory notice of claim against the county but failed to include her husband's loss of consortium claim. During the litigation, the plaintiffs served a request for admission which asked the county to admit that plaintiff wife had satisfied all of the notice requirements of section 768.28(6), Florida Statutes. Although time still remained under the statute in which to correct the error of not naming the husband, the county objected to the request as relating to facts in dispute and calling for a legal conclusion. It was not until the county moved for a directed verdict at trial that it specifically pointed out the defect in the notice. The trial court granted the motion, and the husband appealed.
We held that the county was precluded from raising the issue because it had failed to deny with particularity the occurrence of a condition precedent as required by Florida Rule of Civil Procedure 1.120(c). We found that this failure amounted to a waiver of the assertion of the right after the statutory period for compliance had run. We also noted:
In Cabot v. Clearwater Construction Co., 89 So.2d 662, 664 (Fla.1956), Justice Thornal, speaking for the court after adoption of the Rules of Civil Procedure, said: No longer are we concerned with the "tricks and technicalities of the trade". The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize.
And as Judge Schwartz said in Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979), the "`gotcha!' school of litigation" will not be tolerated.
631 So.2d at 321; see also Charter Review Comm'n of Orange County v. Scott, 627 So.2d 520 (Fla. 5th DCA 1993), quashed on other grounds, 647 So.2d 835 (Fla.1994) (holding that party waived compliance with Florida Rule of Civil Procedure 1.440, regarding *326 setting of trials, because it failed to raise the issue to the trial court and voluntarily proceeded with the hearing without compliance).
Similarly, in this case the appellees' attorneys' words, actions, and conduct led Nicholson's attorney to believe that they assented to its request for a trial de novo, as reflected in its filed notice to set the pretrial conference in accordance with the order setting trial. We have continually decried the use of "gotcha" litigation tactics. See, e.g., Gardner; Rappaport v. Hollywood Beach Resort Condo. Ass'n, Inc., 905 So.2d 1024 (Fla. 4th DCA 2005); Jenkins v. UBN Global Trading Corp., 886 So.2d 1057 (Fla. 4th DCA 2004); A.J.; Berkman v. Foley, 709 So.2d 628 (Fla. 4th DCA 1998). We again reiterate our disdain for such litigation conduct.
Reversed and remanded for a trial on the merits.
GUNTHER and POLEN, JJ., concur.