937 So.2d 156 (2006)
Dennis STOWE, Appellant,
v.
UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY, Appellee.
No. 4D05-785.
District Court of Appeal of Florida, Fourth District.
July 12, 2006.
Rehearing Denied September 27, 2006.
*157 Roderick L. McGee of Roderick L. McGee, P.A., Pompano Beach, for appellant.
Nancy W. Gregoire, Matthew D. Klein, and Todd E. Brant of Bunnell Woulfe Kirschbaum Keller McIntyre Gregoire & Klein, P.A., Fort Lauderdale, for appellee.
GROSS, J.
The issue in this case is whether a motion for trial complies with Florida Rule of Civil Procedure 1.820(h) if it is filed after a section 44.103 arbitration hearing but before the rendition of the arbitrator's decision. We hold that such a motion for trial fails to comply with the rule and affirm.
In 2001, Dennis Stowe sued Universal Property & Casualty Insurance Company for breach of an insurance contract. Universal answered and asserted that Stowe's claim was not covered under the policy. From 2001 to 2004, the parties conducted discovery.
In May, 2004, Stowe filed a notice to set the case for trial pursuant to Florida Rule of Civil Procedure 1.440. The trial judge returned the notice to Stowe, because he had failed to comply with the judge's own rule that required a "mandatory hearing" before he would set a trial.
In July, 2004, with the parties' agreement, the trial judge referred the case to non-binding arbitration pursuant to section 44.103, Florida Statutes (2004).
The arbitration took place on September 1, 2004. At the arbitration hearing, Stowe's lawyer perceived that the arbitrator disagreed with his position.
On September 21, 2004, Stowe scheduled a "mandatory hearing" before the trial judge for October 26, 2004, attaching a copy of his May, 2004, rule 1.440 notice for trial. The record does not reflect that a hearing took place on October 26.
*158 On September 29, 2004, the arbitrator rendered his decision, finding that the insurance policy did not cover Stowe's claim. After the arbitrator's decision, Stowe did not file a motion for trial. On October 28, 2004, Universal moved for the entry of a final judgment in accordance with the arbitrator's decision. See § 44.103(5), Fla. Stat. (2004); Fla. R. Civ. P. 1.820(h). The trial judge granted the motion and entered final judgment.
The legal framework for this case derives from section 44.103 and rule 1.820, which created the procedure to effectuate the statute. Section 44.103(5) states that an "arbitration decision shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court." Rule 1.820(h) provides that "[i]f a motion for trial is not made within 20 days of service on the parties of the [arbitrator's] decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision. . . ." The "failure to request a trial de novo within the time provided in the rules creates a `right to enforce an arbitration award that has become final and binding as a result of a failure to request a trial.'" Nicholson-Kenny Capital Mgmt., Inc. v. Steinberg, 932 So.2d 321 (Fla. 4th DCA 2006) (quoting Johnson v. Levine, 736 So.2d 1235, 1238 (Fla. 4th DCA 1999)).
When it comes to interpreting rules of civil procedure, often the job of an intermediate appellate court is to read the tea leaves of Florida supreme court decisions. The recent trend in these decisions is to construe rules of civil procedure according to their plain meaning. Some high court opinions strictly construe provisions to create rules that are clear-cut and easy to apply. Thus, Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005), adopted a bright line rule concerning the form of a rule 1.442 proposal for settlement. Recently, in Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006), the supreme court described rule 1.525 as establishing "a bright-line time requirement for motions for costs and attorney fees." Wilson v. Salamon, 923 So.2d 363 (Fla.2005) interpreted rule 1.420(e) by its "plain meaning" to "further the purpose of decreasing litigation over the purpose of the rule and fostering the smooth administration of the trial court's docket."
The purpose of a rule 1.820(h) motion for trial "is to hasten the litigation along, make the parties evaluate the award, and either accept it or complete the litigation through trial." Nicholson-Kenny, at 325, at *4. An award cannot be evaluated until it is made by the arbitrator, indicating that the rule contemplates a motion made after an award. We have previously described the 20 day time period of rule 1.820(h) as a "window," meaning that it opens when an arbitrator serves a decision on the parties and closes 20 days later. State, Dep't of Trans. v. Bellsouth Telecomms., Inc., 859 So.2d 1278, 1279, 1280 n. 1 (Fla. 4th DCA 2003); see Bacon Family Partners, L.P. v. Apollo Condo. Ass'n, Inc., 852 So.2d 882, 888 (Fla. 2d DCA 2003) (describing rule 1.820(h) as controlling the procedure "[a]fter the completion of the arbitration proceeding and notice to the parties of the arbitrator's decision"). Consistent with our previous decisions, we therefore conclude that Stowe's notice for trial served before the rendition of the arbitration decision did not comply with rule 1.820(h), so that the trial court correctly entered a final judgment.
The position that Stowe urges us to adopt does violence to the concept of a bright-line rule. If a motion for trial after an arbitration hearing but before a decision complies with the rule, what about a *159 motion after the arbitration is set, but before the hearing, or a motion filed before an order setting arbitration, but after arbitration has been put into play by the court or the parties?
We distinguish two cases discussed at oral argument. Nicholson-Kenny involved a case that had been set for trial prior to the arbitration proceeding, a notice for pretrial conference filed after the arbitration decision was rendered, and the preparation of both sides for the upcoming trial. Under these circumstances, we held that the notice for pretrial conference satisfied the requirements of rule 1.820(h). In this case, Stowe filed no similar notice after the rendition of the arbitration decision.
Swift v. Wilcox, 924 So.2d 885 (Fla. 4th DCA 2006), dealt with a different rule of procedure and a different policy behind the rule. There we found that the "primary evil" addressed by rule 1.525 "was the uncertainty created by excessive tardiness in the filing of motions for fees and costs." Swift, at 887 (quoting Norris v. Treadwell, 907 So.2d 1217, 1218 (Fla. 1st DCA 2005), review granted, 919 So.2d 435 (Fla.2006)). We held that a motion for fees complied with the rule, and the policy behind it, when it was filed after the issuance of the order deciding the case, but before the largely ministerial act of entering the final judgment that conformed with the order.
Affirmed.
WARNER, J., concurs.
HAZOURI, J, dissents with opinion.
HAZOURI, J., dissenting.
Although the majority holds that the time requirements set forth in Florida Rule of Civil Procedure 1.820(h) must be interpreted as a "bright-line rule" requirement for filing a motion for trial following a voluntary arbitration, in my view the majority places form over substance. As the majority noted, this case was originally filed in 2001 and continued into litigation through May 2004 when Stowe filed a notice to set the case for jury trial, as is his right pursuant to Florida Rule of Civil Procedure 1.440. Instead of receiving an order setting the case for trial, Stowe's notice was returned to him by the trial judge because the trial judge had established within his own division his own rule requiring that before a case could be set for trial, the parties seeking a trial date had to set a "mandatory" hearing. The purpose for such a procedure was to determine if the case was in fact ready for trial, i.e., that all the necessary discovery had been completed.
As noted, the arbitration took place on September 1, 2004, but prior to that time, on August 20, 2004, Stowe filed the mandatory notice of hearing scheduling that hearing for September 14, 2004. On September 10, 2004, Stowe filed another notice of mandatory hearing setting the hearing for October 5, 2004. On September 21, 2004, Stowe again filed a notice of mandatory hearing attaching a copy of his May 20, 2004, notice to set the case for trial, and setting a hearing on October 26, 2004. Can there really be any doubt that Stowe wanted his day in court?
As the majority notes, at the arbitration hearing, Stowe's lawyer perceived that the arbitrator disagreed with his position. It would seem to me that no useful purpose is served in requiring Stowe's lawyer to actually receive an arbitrator's written decision before he could file a notice requesting a trial date. As this court stated in Nicholson-Kenny, "the purpose of the motion for trial in court-ordered non-binding arbitration is to hasten the litigation along, make the parties evaluate the award, and *160 either accept it or complete the litigation through trial." Id. at 325, at *3. Where is it written in rule 1.820(h) that a litigant must wait until the actual rendition of a written arbitration award before seeking a trial de novo? The rule only calls for a motion for trial be made "within 20 days of service on the parties of the decision...." The rule does not say that the motion for trial can only be filed after rendition of the arbitration award. The rule does not state that there is a "window" that opens upon the rendition of a written decision and closes 20 days later. As long as the trial court and the opposing party had notice within 20 days of the completion of the arbitration that Stowe wanted a trial, what possible purpose could be served by the majority's "bright-line rule?" Clearly, Stowe's continual effort to file a motion for a mandatory hearing to set the case for trial was well within 20 days of September 29, 2004.
In Nicholson-Kenny, this court did not stand on the formality of requiring a party to file a motion for trial after an arbitration award was rendered. Nicholson-Kenny Capital Management, Inc., sued Steinberg for misappropriation of trade secrets. After discovery and motion practice, Steinberg moved to set the case for trial. The trial court entered an order setting calendar call for August 29, 2003. The order prescribed the pretrial procedure, including the holding of a pretrial conference between the parties and the filing of the pretrial statement. It also ordered the parties to non-binding arbitration pursuant to rule 1.820. The parties went to arbitration and the arbitrator rendered a decision on August 13, 2003. Thereafter, Nicholson's attorney served a "Notice of Conference of Parties & Attorneys" on Steinberg.
Steinberg had prevailed in the arbitration. It was not until after the pretrial conference that Steinberg filed a motion for final judgment alleging that because Nicholson failed to file a motion for trial de novo, the court was required to enter a final judgment on the arbitrator's decision. The trial court agreed with Steinberg and entered a final judgment.
This court ruled, despite the fact that Nicholson never filed a motion to set the case for trial after rendition of the arbitration award, that the filing of a pleading styled "motion for trial" under the circumstances of this case was not required. We even went so far as to say that the rule does not require that the pleading be styled "motion for trial." Instead of engaging in a "bright-line rule" analysis, this court stated that "[i]nstead, we think the rule requires some notice to the opposing party that its adversary is rejecting an arbitration award and renewing its demand for trial, which in this case was already set." Id. at 324, at *2.
As the court in Nicholson-Kenny noted:
Justice Thornal, speaking for the court after adoption of the Rules of Civil Procedure, said: No longer are we concerned with the "tricks and technicalities of the trade:" The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize.
Id. at 325, at *4 (quoting Cabot v. Clearwater Constr. Co., 89 So.2d 662, 664 (Fla. 1956)).
In the instant case it is clear that Stowe did not wish to be bound by the non-binding arbitration. He filed a motion for mandatory notice of hearing on August 20, 2004, again on September 10, 2004, and a third time on September 21, 2004. To hold that Stowe had to wait for the rendition of the arbitrator's decision before filing a notice for trial, which he was prevented from doing due to the trial judge's procedure, creates a "bright-line rule" that *161 obstructs the fair administration of justice and denies Stowe his right to a jury trial.
Therefore, I would reverse and direct the trial court to vacate the final judgment and permit Stowe to proceed to trial.