943 So.2d 265 (2006)
Valorie QUAREGNA and Joseph Quaregna, Appellants,
v.
STRATEGIC PERFORMANCE FUND II, INC.; Healthgrades, Inc. f/k/a Specialty Care Network, Inc. d/b/a Park Place Therapeutic Center; Miami Elevator Company; and Greenfield Properties, Inc., Appellees.
No. 4D05-4263.
District Court of Appeal of Florida, Fourth District.
November 15, 2006.
Russell S. Adler, Shawn L. Birken and Matthew S. Sackel of Rothstein Rosenfeldt Adler, Fort Lauderdale, for appellants.
Richard A. Sherman, Sr. of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Jay H. Novak of Law Offices of James A. Keating, Hollywood, for Appellee-Healthgrades, Inc.
Dennis R. Schutt and Jeffrey D. Devonchik of Schutt, Schmidt, Burnett, & Noey, Jacksonville, for Appellee-Greenfield Properties, Inc.
STONE, J.
Quaregna, a personal injury plaintiff, appeals a final summary judgment entered in favor of the tenant (Healthgrades) and the property manager (Greenfield) of the premises where the injury occurred. As to Greenfield, we affirm the judgment. As to Healthgrades, we reverse and remand for entry of a judgment in accordance with the arbitration order. The record reflects that following an arbitration order in favor of Quaregna, Healthgrades failed to file a motion for trial de novo, thus precluding the court from entering summary judgment in Healthgrades' favor.
Section 44.103, Florida Statutes, provides, in pertinent part,
5) The arbitration decision shall be presented to the parties in writing. An arbitration decision shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court. . . . If no request for trial de novo is made within the time provided, the decision shall be referred to the presiding judge in the case who shall enter such orders and judgments as are required to carry out the terms of the decision. . . .
§ 44.103, Fla. Stat. (2005).
Rule 1.820, Florida Rules of Civil Procedure, Hearing Procedures for Non-Binding Arbitration, provides, in relevant part,
(h) Time for Filing Motion for Trial. Any party may file a motion for trial. If a motion for trial is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(5), Florida Statutes.
Fla. R. Civ. P. 1.820(h).
When Healthgrades did not move for a trial de novo within the twenty-day period, the arbitration order became binding and the plaintiff was entitled to judgment accordingly. *267 Klein v. J.L. Howard, Inc., 600 So.2d 511, 512 (Fla. 4th DCA 1992) (citations omitted) (holding if no motion for trial de novo is made within the twenty-day period under the rule, "the trial court is required to enforce the award and lacks discretion to do otherwise"); Bacon Family Partners, L.P. v. Apollo Condo. Ass'n, 852 So.2d 882 (Fla. 2d DCA 2003) (finding same). Therefore, summary judgment in favor of Healthgrades was improper.
Healthgrades asserts that it was not required to file a motion for trial de novo because Greenfield filed a motion, and the statute and rule do not require each party to file a separate motion for new trial. However, in Department of Transportation v. Bellsouth Telecommunications, Inc., 859 So.2d 1278, 1281 (Fla. 4th DCA 2003), we clarified, because the statute and rule do not provide applicable procedures for requesting a trial de novo in a multi-party case, "each party seeking a trial de novo must file an individual timely request for trial de novo." We also note that in Stowe v. Universal Property & Casualty Insurance Co., 937 So.2d 156 (Fla. 4th DCA 2006), we took a restrictive view of the twenty-day limitation, holding that a motion for trial de novo filed after an arbitration hearing, but before the rendition of the decision of the arbitrator, fails to comply with rule 1.820(h).
We have considered and reject Healthgrades' several arguments that its failure to comply with the twenty-day window is waived, or that the strict application of the rule is invalid, or otherwise inapplicable. Therefore, as to Healthgrades, we reverse and remand for entry of judgment on the arbitration order.
SHAHOOD and HAZOURI, JJ., concur.