NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CARMEN DE ACOSTA, as personal )
representative of the Estate of John )
de Acosta, deceased, )
)
       Appellant, )
)
v. )     Case No. 2D18-423
)
NAPLES COMMUNITY HOSPITAL, INC. )
d/b/a NAPLES COMMUNITY HOSPITAL, )
)
       Appellee. )
_____ )

Opinion filed September 25, 2019.

Appeal from the Circuit Court for Collier
County; Lauren L. Brodie, Judge.

Douglas F. Eaton of Eaton & Wolk, PL,
Miami, for Appellant.

Michael R. D'Lugo of Wicker Smith
O'Hara McCoy & Ford, P.A., Orlando,
for Appellee.


MORRIS, Judge.

      Carmen de Acosta, as personal representative of the estate of John de

Acosta, appeals a final judgment entered in favor of Naples Community Hospital (NCH)

in Mrs. de Acosta's action for medical malpractice and loss of consortium. Because we

conclude that Mrs. de Acosta substantially complied with the requirement for moving for

a trial de novo pursuant to Florida Rule of Civil Procedure 1.820(h) and that NCH's conduct in the matter operated as a waiver of strict compliance with the rule, we reverse the final judgment.

BACKGROUND

The action below was originally filed in both Mr. and Mrs. de Acosta's names in their individual capacities. However, during the pendency of the proceedings, Mr. de Acosta died and the complaint was amended to list Mrs. de Acosta in her capacity as representative of Mr. de Acosta's estate. The matter was initially set for trial in February 2018, but in the interim, the trial court referred the case to nonbinding arbitration. A nonbinding arbitration award was entered in favor of NCH on December 4, 2017. Nine days later, on December 13, 2017, Mrs. de Acosta filed her statement of facts, identification of disputed facts, and identification of issues of law. NCH responded, filing its own statement of facts and identification of issues of law on December 15, 2017. On January 2, 2018, NCH filed a "Notice of Referral of Non-Binding [sic] Arbitration Decision," wherein it argued that no party had moved for a trial de novo within the time required by section 44.103(5), Florida Statutes (2017), and rule 1.820(h). On that same day, Mrs. de Acosta filed a motion for trial de novo and the trial court entered an order directing the clerk of court to unseal the arbitration award. Mrs. de Acosta filed an objection to the order directing the clerk to unseal the arbitration award. However, on January 9, 2018, the trial court, sua sponte, entered final judgment in favor of NCH, consistent with the arbitration award. In doing so, the trial court noted that neither party had moved for trial de novo within the time required under rule 1.820(h).

ANALYSIS

In this appeal, Mrs. de Acosta argues that because an initial trial date had already been set, moving for trial de novo was superfluous. She also argues that she indicated her rejection of the arbitration award by filing her statement of facts and disputed issues and that NCH waived its right to challenge her failure to file a formal motion for trial de novo when it responded by filing its own statements of facts and disputed issues.

We agree with Mrs. de Acosta that under the circumstances of this case, rule 1.820(h) should not be strictly applied.[1] Rule 1.820(h) provides in relevant part that "[i]f a motion for trial is not made within 20 days of service on the parties of [a nonbinding arbitration] decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(5)." Section 44.103(5), in turn, provides in relevant part that "[a]n arbitration decision shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the [s]upreme [c]ourt."

However, in <u>Nicholson-Kenny Capital Management, Inc. v. Steinberg</u>, 932 So. 2d 321 (Fla. 4th DCA 2006), the Fourth District applied the doctrine of waiver to its analysis of rule 1.820(h), on facts similar to ours, where notice of trial had already been served prior to arbitration proceedings and where, after an arbitration decision had been rendered, both parties had filed documents or engaged in other conduct suggesting that they were proceeding to an already set trial date. In doing so, the court rejected the

---

[1]Our opinion should not be construed to create a general waiver or exception to the requirements of rule 1.820(h).

argument that a pleading styled "motion for trial" was required to be filed in a case where a notice for trial had already been served and where a trial had already been set on the docket.  Id. at 324.  The court noted that rule 1.820(h) did not even require that a pleading be styled "motion for trial."   Instead, the court interpreted the rule to "require[] some notice to the opposing party that its adversary is rejecting an arbitration award and renewing its demand for trial."  Id.

In Steinberg, the appellant's attorney filed a notice setting a pretrial conference a mere four days after the arbitration decision was rendered, and in it, appellant "clearly indicated a desire to proceed to trial in the case."  Id.  Thereafter, both attorneys attended a calendar call, the appellant requested a trial date in open court in accordance with the order setting trial, and the attorneys for both parties met to work out a joint pretrial statement.  Id.  The court explained that "[t]here is no question . . . that [appellant] requested a trial within twenty days of the arbitrator's decision" and that "there is more than a 'hint' of that fact in the filings with the court."  Id.  The court's decision to reverse and remand the final judgment was also predicated on the fact that despite having multiple opportunities to object to proceeding to trial due to the appellant's failure to formally move for a trial, the appellee never objected and instead participated in proceedings moving the case along.  Id. at 324-25.

The rationale used by the court in Steinberg applies equally here.  While Mrs. de Acosta did not technically comply with rule 1.820(h) by filing a formal motion for trial, she substantially complied with it by filing—a mere nine days after the arbitrator's decision was rendered—her statement of facts, identification of disputed facts, and identification of issue of law.  In doing so, she indicated her rejection of the arbitrator's

decision by summarily stating that "[t]he facts are in dispute regarding liability, causation, and damages" and by noting that the parties' motion in limine was an issue of law to be decided by the court. Further, as in Steinberg, the trial had already been set on the docket in this case. Thus, by filing her statement of facts and identification of disputed facts and issues of law, Mrs. de Acosta was clearly indicating that she wished to proceed to the already set trial date.

Crucial to our holding, however, is the fact that NCH filed its own statement of facts and identification of issues of law, wherein it acknowledged there were disputed factual and legal issues. That action led Mrs. de Acosta to believe that NCH was also prepared to proceed to the already set trial date. It was only after the twenty-day period set forth in rule 1.820(h) expired that NCH sought to have a final judgment entered in its favor pursuant to rule 1.820(h) and section 44.103(5). Such conduct appears to be in the nature of a "gotcha" tactic. That is not the purpose of rule 1.820(h), see Steinberg, 932 So. 2d at 325, and we disapprove of such tactics to the extent that that was the intent. By engaging in the proceedings in this manner, NCH waived Mrs. de Acosta's strict compliance with rule 1.820(h). Finally, we note that NCH has not argued or otherwise shown that it was prejudiced in any way.

Therefore we reverse and remand for a trial on the merits.

Reversed and remanded.


KHOUZAM, C.J., Concurs.
ATKINSON, J., Dissents with opinion.

- 5 -

ATKINSON, Judge, Dissenting.

I respectfully dissent because the language of section 44.103(5), Florida Statutes (2017), and Florida Rule of Civil Procedure 1.820(h) does not permit the conclusion reached by the majority. Unless a party requests a trial de novo within twenty days after the arbitration decision has been served on the parties, the decision becomes final and must be enforced by the trial court: "An arbitration decision <u>shall be final</u> if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court." § 44.103(5) (emphasis added). "If no request for trial de novo is made within the time provided, . . . the presiding judge . . . <u>shall enter</u> such orders and judgments as are required to carry out the terms of the decision." <u>Id.</u> (emphasis added). "If a <u>motion for trial</u> is not made within 20 days of service on the parties of the decision, . . . the presiding judge . . . <u>shall enter</u> such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(5)." Fla. R. Civ. P. 1.820(h) (emphasis added).

In no uncertain terms, the statute and rule require a motion for trial in order to avoid the finality and enforcement of the arbitration decision. <u>See</u> <u>Klein v. J.L. Howard, Inc.</u>, 600 So. 2d 511, 512 (Fla. 4th DCA 1992) ("[U]nder the clear and mandatory provisions of [the statute and rule], upon the failure to <u>move for a trial</u> de novo within 20 days of the service of an arbitration award . . . the trial court is required to enforce the award and lacks discretion to do otherwise." (emphasis added) (citations omitted)).

The majority opinion acknowledges that Mrs. de Acosta did not file a motion for trial but asserts that rule 1.820(h) should not be "strictly applied" under the

circumstances of this case. Those circumstances include the fact that Mrs. de Acosta made filings in preparation for trial after service of the arbitrator's decision and that NCH made its own pretrial filings in response. But the statute provides that a party is only entitled to a trial de novo upon request, § 44.103(5), and the rule requires that the request be made in the form of a "motion for trial," Fla. R. Civ. P. 1.820(h). See Patterson v. Allstate Ins. Co., 884 So. 2d 178, 180 (Fla. 2d DCA 2004) ("[I]f no motion for trial is timely served, then the trial court must enforce the decision of the arbitrator and has no discretion to do otherwise." (emphasis added) (quoting Bacon Family Partners, L.P. v. Apollo Condo. Ass'n, 852 So. 2d 882, 888 (Fla. 2d DCA 2003))), abrogated on other grounds, Pino v. Bank of New York, 121 So. 3d 23 (Fla. 2013).

Furthermore, the fact that parties exchange pretrial filings after receiving an arbitration decision does not necessarily imply that those parties ultimately intend to proceed to trial any more than a failure to file such documents implies that either party has decided not to request a trial. All parties have until the end of the twenty days to make that decision. In fact, it seems wholly reasonable that a party's decision whether to request a trial in lieu of an arbitration decision could be informed by pretrial documents filed during the twenty-day period, which filings might very well shed light on the likelihood of success or failure at trial as compared to the outcome of the arbitration.

A party can file and serve documents for the purpose of preparing for trial after receiving an adverse arbitration decision, but it still retains the option to allow the arbitration decision to become final and enforceable by operation of law at the end of the twenty days. In the face of this reality, it seems reasonable that a party in whose

favor the arbitration decision was entered, such as NCH, would continue to prepare for trial as well.

Yet the majority suggests that NCH played "gotcha" by making pretrial filings and waiting until after the twenty days had run before seeking to have the arbitration decision enforced by final judgment. But NCH could not request enforcement of the arbitration decision before the twenty days had run; up until that point, Mrs. de Acosta still had the option to request a trial or let the arbitration decision become final. By implying otherwise, the majority erroneously shifts the burden to the party seeking enforcement of the arbitration decision and relieves the other party of its obligation to make its intention to proceed to trial known during the twenty-day period—even though the latter is a mandatory requirement plainly set forth in the governing rule and statute.

The potential for brinksmanship conduced by rule 1.820(h) is a natural consequence of its statutorily prescribed function: the provision of a time period during which the parties can decide whether or not to accept the decision of the arbitrator, a strategic calculation that can be mulled at the same time as—and be informed by—the ongoing preparation for a trial that may never happen. A court that relies on such preparation to ascertain a party's intentions risks subversion of the litigants' justifiable reliance on the framework of the rule in favor of the court's subjective speculation.

But even assuming a court could confidently divine a party's desire for a trial de novo from that party's participation in trial preparation after receipt of the arbitration decision, such an inference is irrelevant in light of the plain language of section 44.103 and rule 1.820. The statute and rule are unequivocal. The judge "shall enter" orders and judgments carrying out the terms of the arbitration decision unless a

party makes "a motion for trial" within twenty days—not implies, not tacitly communicates, not indicates a desire as the majority suggests, but moves for a trial. Fla. R. Civ. P. 1.820(h); see § 44.103(5). Absent a motion for trial, the court has no discretion but to perform its ministerial duty of enforcing the arbitration decision. See United Auto. Ins. Co. v. Ortiz, 931 So. 2d 1025, 1026 (Fla. 4th DCA 2006) (describing enforcement of the arbitration decision as a "ministerial act" over which the "trial court has no discretion" when neither party requests a trial de novo within twenty days (quoting Connell v. City of Plantation, 901 So. 2d 317, 319 (Fla. 4th DCA 2005))); cf. Connell, 901 So. 2d at 319 (reversing and remanding for entry of a final judgment, even though the defendant had already furnished the plaintiff with full payment of the arbitration award, because "entry of a judgment in accordance with an arbitrator's decision is a ministerial act," a request for which the "trial court has no discretion to deny" (citing Johnson v. Levine, 736 So. 2d 1235, 1238 (Fla. 4th DCA 1999) ("[T]hese are not merely precatory provisions. They create the right to enforce an arbitration award that has become final and binding as a result of a failure to request a trial.")))[2]

---

[2]The majority accurately cites to Nicholson-Kenny Capital Management, Inc. v. Steinberg, 932 So. 2d 321 (Fla. 4th DCA 2006), as having expressed that the rule does not require a pleading styled "motion for trial." However, that proposition is questionable in light of the language of the relevant subsection of the rule, which is entitled "Time for Filing Motion for Trial." Fla. R. Civ. P. 1.820(h). Section 44.103(5) sets forth that the "arbitration decision shall be final if a request for a trial de novo is not filed within the time provided" by rule 1.820(h), which provides that a party "may file a motion for trial." (Emphasis added.) At any rate, the rule unambiguously requires that a motion be made. See Fla. R. Civ. P. 1.820(h) (requiring the court to enforce the arbitration decision "[i]f a motion for trial is not made"); see also § 44.103(5) (requiring enforcement "[i]f no request for trial de novo is made"). It is not necessary here to address the question of whether a written filing is required or if the motion can be made orally, because Mrs. de Acosta did neither. In that regard, Steinberg is arguably distinguishable from this case. In Steinberg, although the appellant did not file a motion for new trial, it did "request[] a trial date in open court" after having received the

Pursuant to the unambiguous language of the governing statute and rule, the arbitration decision became final and enforceable as a matter of law after no party moved for a trial during the twenty days after the decision had been served on the parties. I would affirm because the trial court did not err by entering judgment in accordance with the arbitration decision.

---

arbitration decision but before the twenty days had elapsed, <u>Steinberg</u>, 932 So. 2d at 324—a definitive and overt act much more akin to the statutory requirement of a specific "request" for a trial (albeit still falling short of the rule's requirement that a "motion for trial" be made) than any effort made by Mrs. de Acosta in this case.