DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VITESSE, INC.,** and **MONOCLE MANAGEMENT LIMITED, INC.,**
Appellants,

v.

**MAPL ASSOCIATES LLC,**
Appellee.

No. 4D21-2966

[March 22, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case Nos. CACE15-010857 and CACE16-000792.

Daniel A. Bushell of Bushell Law, P.A., Fort Lauderdale, and Morrie I. Levine of the Law Office of Morrie I. Levine, P.A., Hollywood, for appellants.

Kenneth N. Johnson of Kenneth N. Johnson, P.L., Palm Beach Gardens, for appellee.

KLINGENSMITH, C.J.

Vitesse, Inc., and Monocle Management Limited, Inc., (collectively "appellants") appeal a final judgment enforcing an arbitration award entered after completion of a second nonbinding arbitration proceeding. The trial court found that due to a scrivener's error in their motion appellants did not appropriately request trial de novo pursuant to section 44.103(5), Florida Statutes (2020), and Florida Rule of Civil Procedure 1.820(h). This was error, and we reverse.

When a party timely requests a trial de novo following nonbinding arbitration, this court reviews the denial of the request de novo. *See Dungarani v. Benoit,* 312 So. 3d 126, 128 (Fla. 5th DCA 2020).

Trial courts may refer civil cases to nonbinding arbitration. § 44.103(2), Fla. Stat. (2020). Once referred, the arbitration decision "shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court." § 44.103(5), Fla. Stat. (2020). Rule 1.820(h) provides that "[i]f a motion for trial is not made within 20 days of

service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter" an order enforcing the award. Under the rule's plain language, unless a party files a motion for trial de novo within twenty days of the arbitrator's decision, the trial court *must* enforce the arbitration award. *See United Auto. Ins. Co. v. Ortiz*, 931 So. 2d 1025, 1026 (Fla. 4th DCA 2006) (quoting *Connell v. City of Plantation*, 901 So. 2d 317, 319 (Fla. 4th DCA 2005)).

The purpose of a motion for trial de novo is to "make the parties evaluate the award, and either accept it or complete the litigation through trial." *Nicholson-Kenny Cap. Mgmt., Inc. v. Steinberg*, 932 So. 2d 321, 325 (Fla. 4th DCA 2006). Similarly, the intention of rule 1.820(h) is to send "some notice to the opposing party that its adversary is rejecting an arbitration award and renewing its demand for trial." *Id.* at 324. The purpose of section 44.103 is fulfilled when a party is placed on reasonable notice of the opposing side's intention to proceed to trial, and that intention is conveyed within rule 1.820(h)'s twenty-day timeframe. *See id.* at 325. Further, a notice indicating an intention to proceed to trial need not be specifically styled as a "motion for trial de novo." *See Balboa Ins. Co. v. W.G. Mills, Inc.*, 403 So. 2d 1149, 1150–51 (Fla. 2d DCA 1981) (finding the appellant did not waive its right to arbitrate because the motion was clearly "based on its contractual right to arbitration" despite not including "motion to compel" in the title); *205 Jacksonville, LLC v. A-Affordable Air, LLC*, 16 So. 3d 974, 976 n.2 (Fla. 3d DCA 2009) ("It is, of course, *the content of a motion* not its caption that determines the nature of the motion." (emphasis added)).

Nothing in rule 1.820 requires strict compliance regarding the form of the notice. *See de Acosta v. Naples Cmty. Hosp., Inc.*, 300 So. 3d 264, 267 (Fla. 2d DCA 2019) (finding an appellant substantially complied with rule 1.820(h) by filing her statement of facts, identification of disputed facts, and identification of issue of law nine days after the arbitrator's decision was rendered). The only mandatory requirement applied to the procedure of rule 1.820 involves the time within which to provide the notice. *See* Fla. R. Civ. P. 1.820(h); *see also Stowe v. Univ. Prop. & Cas. Ins. Co.*, 937 So. 2d 156, 158 (Fla. 4th DCA 2006) ("We have previously described the 20-day time period of rule 1.820(h) as a 'window,' meaning that it opens when an arbitrator serves a decision on the parties and closes 20 days later.").

Here, the appellants' timely notice of their intention to proceed to trial and the unambiguous expression of their intent was abundantly clear to all parties involved. *See Steinberg*, 932 So. 2d at 324. Appellants repeatedly referenced the second arbitration award in their motion entitled "*Second Motion for Trial De Novo* and *Motion to Vacate the Arbitration*

*Decision* Filed on March 19, 2021." (emphasis added). Appellants had previously made a motion for trial de novo before the second arbitration hearing and another such motion was made eighteen days after the filing of the second award. Additionally, given the appellants' consistent desire to have the case proceed to litigation despite the court's order for them to participate in nonbinding arbitration, the lower court even set the case for trial.

As this court has noted, "the motion for trial under rule 1.820 puts the other side on notice that it should be prepared for trial. It is a procedural device to hasten the end of litigation. It too should not be interpreted to introduce 'gotcha' tactics into litigation." *Steinberg*, 932 So. 2d at 325. Considering the procedural history of the case, any scrivener's error in the operative motion was trivial and did not substantially impair either appellee or the lower court from having reasonable notice of appellants' desire to proceed to trial. Our review plainly shows the notice both timely and substantially complied with section 44.103 and rule 1.820(h). *See id.*

We reverse and remand this matter to the lower court for further proceedings consistent with this opinion.

*Reversed and remanded.*

WARNER and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3