DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PEOPLE'S TRUST INSURANCE COMPANY,**
Petitioner,

v.

**ELVIN HERNANDEZ** and **JEANNETTE HERNANDEZ,**
Respondents.

No. 4D2024-3274

[March 26, 2025]

Petition for writ of mandamus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan Frink, Judge; L.T. Case No. CACE22-014483.

Mark D. Tinker and Brandon J. Tyler of Cole, Scott & Kissane, P.A., Tampa, and Daniel Maher of Cole, Scott & Kissane, P.A., Miami, for petitioner.

David F. Garcia and Rosie Gil of Your Insurance Attorney, PLLC, Coconut Grove, for respondents.

GERBER, J.

The insurer petitions for a writ of mandamus following the circuit court's order denying the insurer's motion to enforce a nonbinding arbitration decision on the homeowners' breach of contract claim against the insurer. The insurer argues the arbitration decision was enforceable because the homeowners' notice demanding a trial de novo did not also expressly reject the arbitration decision, which rejection is expressly required under the recently amended Florida Rule of Civil Procedure 1.820(h). We agree with the insurer's argument and grant its petition.

*Section 44.103(5) and Amended Florida Rule of Civil Procedure 1.820(h)*

Section 44.103(5), Florida Statutes (2024), provides: "An arbitration decision shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court." § 44.103(5), Fla. Stat. (2024). When a proper request is not filed within the required time period, mandamus relief is available to enforce a court's ministerial

duty to enter a final order enforcing a nonbinding arbitration award. *Johnson v. Levine*, 736 So. 2d 1235, 1238 (Fla. 4th DCA 1999).

Before July 1, 2024, Florida Rule of Civil Procedure 1.820(h) pertinently provided:

> **Time for Filing Motion for Trial.**  Any party may file a motion for trial.  …  If a motion for trial is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(5), Florida Statutes.

Fla. R. Civ. P. 1.820(h) (2023).

Effective July 1, 2024, our supreme court amended rule 1.820(h) to add a "notice of rejection of the arbitration decision" requirement to pertinently provide:

> **Notice of Rejection of the Arbitration Decision and Request for Trial.**  To reject the arbitration decision, within 20 days of service of the arbitrator('s)(s') written decision, any party must file a *notice of rejection of the arbitration decision and request for trial in the same document*.  *No action or inaction by any party, other than the filing of the notice, will be deemed a rejection of the arbitration decision.*  …  If a notice of rejection of the arbitration decision and request for trial is not made within 20 days of service on the parties of the decision, the decision must be referred to the presiding judge, who must enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(5), Florida Statutes.

Fla. R. Civ. P. 1.820(h) (2024) (emphases added).

Our supreme court explained rule 1.820's amendment as follows:

> As to rule 1.820(h), we retitle the subdivision "Notice of Rejection of the Arbitration Decision and Request for Trial" and amend it to clarify the process for rejecting an arbitrator's decision and requesting a trial de novo.  Under the amended rule, an arbitration decision will be deemed rejected *only if* a "notice of rejection of the arbitration decision and request for

trial" is filed with the court within 20 days of service of the arbitrator's written decision.

*In re Amends. to Fla. Rules of Civ. Proc.*, 386 So. 3d 876, 878 (Fla. 2024) (emphases added).

### *Applying Amended Rule 1.820(h) to the Instant Case*

Here, while the pre-amendment rule 1.820(h) was still in effect, the parties completed the nonbinding arbitration in May 2024. However, the arbitrator issued the nonbinding arbitration decision on July 8, 2024— one week *after* the amended rule 1.820(h) became effective. That same day, the homeowners filed a "Motion for Trial De Novo." The motion pertinently stated: "Pursuant to Florida Rule of Civil Procedure 1.820(h), [the homeowners] request a [t]rial de [n]ovo by the [circuit] [c]ourt." Nowhere in the motion did the homeowners include a "notice of rejection of the arbitration decision" as amended rule 1.820(h) now requires.

After twenty days had passed since the arbitrator had served the arbitration decision on the parties, the insurer filed a motion to enforce the nonbinding arbitration decision. The insurer argued the homeowners' "Motion for Trial De Novo" was deficient under amended rule 1.820(h), because the homeowners' motion did not also include a "notice of rejection of the arbitration decision" as amended rule 1.820(h) now requires.

The circuit court entered an order summarily stating the insurer's motion was denied "pursuant to *Vitesse, Inc. v. MAPL Associates LLC*, 358 So. 3d 437 (Fla. 4th DCA 2023)."

The circuit court's denial of the insurer's motion, and its reliance on *Vitesse*, was reversible error. In *Vitesse*, the circuit court had found, due to a scrivener's error in the appellants' motion for trial de novo, that the appellants had not appropriately requested a trial de novo pursuant to section 44.103(5) and rule 1.820(h). 358 So. 3d at 438. The scrivener's error was that the motion for trial de novo had misstated the arbitration decision's date. In reversing the circuit court, we reasoned: "[A]ny scrivener's error in the operative motion was trivial and did not substantially impair either appellee or the lower court from having reasonable notice of [the] appellants' desire to proceed to trial." *Id.* at 440.

Here, unlike in *Vitesse*, we are not faced with a trivial scrivener's error. Rather, as the insurer had argued to the circuit court and has argued here, the homeowners' motion was deficient under amended rule 1.820(h),

3

because the homeowners' motion did not also include a "notice of rejection of the arbitration decision" as amended rule 1.820(h) now requires.

We reject the homeowners' premise that their "Motion for Trial De Novo"—and its included statement that "[pursuant to Florida Rule of Civil Procedure 1.820(h), [homeowners] request a [t]rial de [n]ovo by the [circuit] [c]ourt"—should be interpreted as having substantially complied with rule 1.820(h), despite not having expressly provided a "notice of rejection of the arbitration decision" as amended rule 1.820(h) requires. While the homeowners argue that a party cannot request a trial de novo without necessarily rejecting the arbitration decision, our supreme court amended rule 1.820 to require that a party rejecting the arbitration decision "must file a notice of rejection of the arbitration decision and request for trial in the same document. *No action or inaction by any party, other than the filing of the notice, will be deemed a rejection of the arbitration decision.*" Fla. R. Civ. P. 1.820(h) (2024) (emphases added). Further, as stated above, our supreme court expressly indicated it had amended rule 1.820(h),

> to clarify the process for rejecting an arbitrator's decision and requesting a trial de novo. Under the amended rule, an arbitration decision will be deemed rejected *only if* a "notice of rejection of the arbitration decision and request for trial" is filed with the court within 20 days of service of the arbitrator's written decision.

*In re Amends.*, 386 So. 3d at 878 (emphases added).

### *Why Our Decision is Consistent with our Recent Precedent*

Accepting the homeowners' "substantial compliance" argument would erroneously re-open a door which we had correctly closed in *Lawnwood Medical Center, Inc. v. Rouse*, 394 So. 3d 51 (Fla. 4th DCA 2024).

In *Lawnwood,* we receded from *Nicholson-Kenny Capital Management, Inc. v. Steinberg*, 932 So. 2d 321 (Fla. 4th DCA 2006), which had deviated from our well-established recognition of the mandatory, ministerial, and non-discretionary enforcement of section 44.103(5). *Lawnwood*, 394 So. 3d at 58. Instead, *Nicholson-Kenny* had created a non-statutory, non-rule based discretionary analysis where, in the absence of the statutorily-required request for a trial de novo, a trial court could nevertheless order a trial de novo upon determining "some notice" had been given to the opposing party that its adversary is rejecting an arbitration award and renewing its demand for trial. *Id.* (citing *Nicholson-Kenny*, 932 So. 2d at 924). *Lawnwood* rejected that reasoning: "*Nicholson-Kenny*'s 'some notice'

4

approach clearly conflicts with section 44.103(5) and rule 1.820(h), and no valid reliance interest or other reason exists not to recede from that precedent." *Id. Lawnwood* further reasoned:

> Put another way, *Nicholson-Kenny* essentially wove into both section 44.103(5) and rule 1.820(h) an unauthorized "some notice" exception. Such an exception, besides not appearing in section 44.103(5)'s or rule 1.820(h)'s plain language, is ambiguous on its face and begs the question: "What exactly constitutes 'some notice,' if not in the form of a 'request for trial de novo' or a 'motion for trial'?"
>
> The answer to that question necessarily requires a case-by-case determination of what actions—or combination of actions—should reasonably be interpreted as "some notice" to the opposing party that its adversary is rejecting an arbitration award and renewing its demand for trial. The myriad possible number of actions, or combinations of actions, likely would provide no predictability or consistency at either the trial or appellate levels. Instead, the likely result would be a patchwork of subjective rulings on whether the opposing party should have been on "some notice" that its adversary is rejecting an arbitration award and renewing its demand for trial.
>
> ...
>
> Simply stated, upon a court ordering nonbinding arbitration, any reasonable person reading section 44.103(5)'s and rule 1.820(h)'s plain language—as they are expected to do—would understand the requirement to file a "request for trial de novo" or "motion for trial" within twenty days of service of an arbitrator's unfavorable decision. *See Boyle v. Samotin*, 337 So. 3d 313, 317 (Fla. 2022) ("This Court adheres to the 'supremacy-of-text principle' that 'the words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'") (citation and brackets omitted). *We should enforce such a bright-line and easy-to-follow requirement, not only because of our obligation to enforce statutes and rules as written, but also because Nicholson-Kenny's "some notice" requirement precludes predictability and consistency in our enforcement of section 44.103(5) and rule 1.820(h).*

5

*Id.* at 61-62 (emphases added).

Here, we shall not backtrack from *Lawnwood*—nor resurrect *Nicholson-Kenny*—by holding that a request for trial de novo, which does not also include a notice of rejection of the arbitration decision, substantially complies with amended rule 1.820(h). Rather, consistent with *Lawnwood*, we hold that a request for trial de novo, which does not also include a notice of rejection of the arbitration decision, *does not comply* with amended rule 1.820(h).

Further consistent with *Lawnwood*, our decision interpreting amended rule 1.820(h) in the instant case does not affect our recent holdings applying rule 1.820 in *Polymer Extrusion Technology Inc. v. Glasshape Manufacturing, Ltd.*, 374 So. 3d 34 (Fla. 4th DCA 2023), and *Vitesse*. *See Polymer*, 374 So. 3d at 38-39 (allowing a trial court to consider a defendant's motion to vacate a judgment—on the grounds of excusable neglect under Florida Rule of Civil Procedure 1.540(b)(1)—after the defendant had failed to timely move for a trial de novo pursuant to rule 1.820(h) following a nonbinding arbitration); *Vitesse*, 358 So. 3d at 438-40 (reversing a circuit court's order which had found, due to a trivial scrivener's error in the appellants' motion for trial de novo, the appellants had not appropriately requested a trial de novo pursuant to section 44.103(5) and rule 1.820(h)).

### *Conclusion*

Based on the foregoing, we grant the insurer's petition for writ of mandamus. We quash the circuit court's order denying the insurer's motion to enforce the nonbinding arbitration decision on the homeowners' breach of contract claim against the insurer. We remand for the circuit court to enter an order granting the insurer's motion and to conduct further proceedings consistent with such order.

*Petition granted; order quashed; remanded with directions.*

FORST, J., concurs.
GROSS, J., concurs specially with opinion.

GROSS, J., concurring specially.

I concur with the majority opinion and write only to make two points.

6

First, in recent times, various rules of procedure have been amended. A prudent lawyer should double check any rule being relied upon to ensure compliance with the most recent, applicable version of a rule of procedure.

Second, it would seem, in the context of this case, that a request for a trial de novo is tantamount to a rejection of an arbitration decision. After all, section 44.103(5), Florida Statutes (2024), requires only that a "request for a trial de novo" be filed. But the amended rule and the Florida Supreme Court's commentary quoted in the majority opinion do not leave much room for legal wiggling with notions such as "substantial compliance."

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***